MAGGIE P. REIGHART v. ELLA M. HARRIS.

**No. 230.**

LIFE INSURANCE—*proceeds of policy paid to beneficiary, not exempt from garnishment under ch. 163, Laws 1895.* The proceeds of a life insurance policy, after it has been paid to the beneficiary upon the death of the insured, are not exempt from being applied to the payment of the debts of such beneficiary, by garnishment or other legal process, under chapter 163, Laws of 1895.

Error from. Geary District Court. Hon. O. L. Moore, Judge. Opinion filed December 23, 1897. *Reversed.*

*Thomas Dever*, for plaintiff in error.

*W. S. Roork*, for defendant in error.

WELLS, J.   Fred J. Harris was a beneficiary member of a mutual benefit society, and his life was insured therein for the sum of three thousand dollars. He died on October 7, 1895, and thereafter this sum was paid by said society to Ella M. Harris as his beneficiary, upon her surrender of the beneficiary certificate.   A part of the money so received was deposited by the beneficiary in the First National Bank of Junction City, where an attempt has been made to apply it by garnishment process to the payment of a judgment against Ella M. Harris.   The sole question in the case is, Can this money be so applied, against the wish of the beneficiary? or, in other words, Is the money exempt, under the provisions of chapter 163, Laws of 1895, p. 305 ?

In the consideration of this question we shall assume, without argument, that the beneficiary certificates described are life insurance policies.   Omitting all that does not become involved in the issues of this

case, said Act, after the title and enacting clause, can be read as follows : "All such policies [of life insurance] . . . shall inure to the sole and separate use and benefit of the beneficiaries named therein, and shall be free from the claims of the assured, and shall also be free from the claims of the person or persons effecting such insurance, their creditors and representatives, and shall be free from all taxes and the claims and judgments of the creditors and representatives of the person or persons named in said policy or policies of insurance." The only part of this Act that can be put forward to sustain the findings of the court below is, "All such policies . . . shall be free from . . . the claims and judgments of the creditors and representatives of the person or persons named in said policy or policies of insurance." Eliminate the plurals, so as to make it refer to but one, the one in controversy, and it would read, " Such policy . . . shall be free from . . . the claims and judgments of the creditors and representatives of the person or persons named in said policy of insurance." This Act refers to three parties connected with the policy, besides the insurance company : *First*, the assured ; *second*, the person effecting the insurance ; *third*, the beneficiary ; and the question is, To which of these is reference made by the language, " The person or persons named in said policy " ? It is claimed that it refers to all, as it says " person or persons " ; but this cannot be true, as every policy contains the name of at least two of these parties, the assured and the beneficiary, and if it was intended to include all, the Legislature would not have used the word in the singular, as there would be no case to which it could apply. The language is certainly ambiguous, and we must resort to the legal rules of interpretation and construction to determine

its true meaning.    The general rule is, that words are
taken in that meaning which agrees most with the
character of both the text and the utterer.    Lieber's
Hermeneutics, 109.    Blackstone, in his Commentaries
( vol. 1, * 87 ), gives three questions to be considered in
the construction of a statute : What was the old law?
what mischief was it desired to remedy? and what
remedy does the new law provide?    Section 77, chap-
ter 50a, General Statutes of 1889 ( ¶ 3401), which is
repealed by this Act and to which this is evidently in-
tended as an amendment, reads as follows :

" In case any life insurance company organized un-
der the laws of this state, shall have issued or shall
hereafter issue any policies of insurance upon the life
of any individual, or upon the life of any person ex-
pressed to be for the benefit of any woman, whether
married or unmarried, or for the benefit of minor
children, or for the benefit of any invalid, aged or
infirm person, whether the same be effected by them-
selves, for themselves, or by any. other person or
persons in their behalf ; all such policies and their
reserves, or the present value thereof, shall be pay-
able according to the terms thereof, and shall inure
to the sole and separate use and benefit of the bene-
ficiary named therein, and shall be free from the claims
of the husband, or any creditor or representative of the
husband, and shall also be free from the claims of the
person or persons effecting such insurance, their cred-
itors and representatives, and shall also be free from
all taxes, and the claims or judgment of the creditors
and representatives of the person or persons whose
life or lives are so insured ; but such policy of insur-
ance, reserve or present value thereof thus exempt
shall not exceed in amount a sum that may be pur-
chased at the age of thirty years on the continuous-
payment life rate American mortality, interest four
and one-half per cent., net premium, five hundred dol-
lars ($500), and no more."

Let us now consider what mischief it was desired

342          REIGHART v. HARRIS.

N. Dept.          Opinion.   Wells, J.          6 Kan. App.

to remedy, and what remedy was provided. The old law provided only for policies issued by insurance companies organized under the laws of this State; the new law applied to policies or beneficiary certificates issued by any life insurance company, fraternal order, or beneficiary society. The old refers to policies of insurance; the new to a policy or policies of insurance, or beneficiary certificates. The old contains the words, "upon the life of any individual, or upon the life of any person." The new leaves out the useless words, "upon the life of any individual, or," and includes all policies, whether payable at death or in any given number of years. The old law applied to any policies issued for the benefit of any woman, minor children, invalid, aged or infirm person; the new, to those issued to any person or persons having an insurable interest in the life of the insured. The old law included the explanatory words, "whether the same be effected by themselves, for themselves, or by any other person or persons in their behalf," which are omitted in the new, as are also the useless words, " shall be payable according to the terms thereof."

The old law provides that such policies and the reserve or the present value thereof shall be free, *first*, from the claims of the husband or any creditor or representative of the husband; *second*, from the claims of the person or persons effecting such insurance and from those of their creditors and representatives; *third*, from all taxes; *fourth*, from the claims or judgments of the creditors and representatives of the person or persons whose life or lives are so insured. The exemption in the new law is, *first*, from the claims of the assured; *second*, from the claims of the person or persons effecting such insurance and from those of their

creditors and representatives; *third*, from all taxes; and *fourth*, from the claims and judgments of the creditors and representatives of the person or persons in said policy or policies of insurance. The second and third exemptions are the same in each. The first exemption under the old law was vague and ambiguous, if not unmeaning. It is extremely difficult to see its application to a policy procured by a man upon his own life for the benefit of his mother, sister, daughter, or any minor children; and the Legislature acted wisely in repealing it and substituting the " assured " for the " husband."

This leaves but the fourth exemption to be considered, and it is not plain why the Legislature substituted " persons named in said policy or policies of insurance," for " persons whose life or lives are so insured." If the view of the trial court is correct, either there is now no exemption from the claims or judgments of the creditors and representatives of the insured, or this language includes both the insured and the beneficiary. We have already shown that the latter cannot be correct, as in such a case there would be no use for the singular number, there being in all cases two persons named in the policy to which the exemption would apply. We cannot believe that the other construction was intended. Considering the whole act in question, including the title, it seems clear to us that the Legislature intended to exempt to beneficiaries the proceeds of life insurance policies, which include beneficiary certificates, so that such proceeds should not be taken either by the insured or the party effecting the insurance, or by their creditors or representatives, but the policies should inure to the sole and separate use of the beneficiaries named therein. But it did not intend to exempt from the

debts of the beneficiary or from taxes, the proceeds of said policies after they had been paid to the beneficiary upon the return and cancellation of the policy.

The judgment of the District Court will be reversed, and that court ordered to proceed in this case in harmony with this opinion.