*RUSSELL & BARSTOW vs. CASH ET AL.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE THEREOF PRESIDING.

A person who signs a draft as executor, is liable in his private capacity, and if he be sued as executor and there be a prayer for general relief, judgment may be given against him individually, if it appear that his liability as such was sought to be established.

This suit was brought to recover the amount of a protested draft, which the defendant, Cash, as executor of Kirkland, had made and delivered to the plaintiffs. The petition concluded with a prayer for judgment against the defendant

X

Eastern District.
January 1831

RUSSELL ET AL.
vs.
CASH ET AL.

in his capacity of executor—that it might be satisfied out of the funds of the estate, and for general relief.

The plaintiff afterwards filed an amended petition, in which he set forth, that the defendant, Cash, executor aforesaid, had due and legal notice of the protest and non-payment of the draft, by which he became liable—and further, that the heir of Kirkland had taken possession of the estate, who he prayed might also be made a party defendant, and cited to shew cause, why judgment should not be rendered on said draft against the executor, and the same judgment rendered against the heir in possession, as a privilege upon the property of the succession.   The general issue was pleaded by the heir, and, Cash excepted on the ground that at the time of filing the petition he was no longer executor, more than a year and day having expired since letters testamentary were granted, without any application for a renewal. The judge charged the jury, first : that the presumption of law was, that the executorship ceased at the end of the year and day, and made it incumbent on the party sueing an exetor, to shew that the letters had been renewed ; 2dly. that the allegations in the petition would not support an action against the executor, in his individual capacity; he must be charged with having improperly and falsely described himself as executor, after his functions had ceased.   To this charge the plaintiff excepted.   There was judgment for the defendants and the plaintiff appealed.

_Pierce,_ for appellant, contended :

1, That if Cash was not liable as executor, he was in his individual capacity.

_Turner,_ for appellees.

_Porter, J.,_ delivered the opinion of the court.

The petitioners sue on a draft made by the defendant, Cash, in favour of the petitioners.   It is drawn at thirty days' sight, on the house of Hagan & Co., and signed " C

Cash, executor of Moses Kirkland, deceased." The cause was submitted to a jury, who found for the defendants. The plaintiffs have appealed.

On the trial the judge charged the jury. "The presumption of law is that the executorship ceased at the end of the year and day, and made it incumbent on the party sueing an executor,in order to fix the succession he represents to shew that his letters had been renewed. That the allegations of the petition would not support an action against the executor in his individual capacity, he must be charged with having improperly and falsely described himself as executor, after his functions had ceased." The plaintiffs filed a bill of exceptions to these opinions.

The first branch of the charge under the final view we have taken of the case, need not be noticed ; on the second, we remark,that the executor having no authority to bind the estate by drafts, or bills of exchange, or notes, the suit against him as representative of the estate, cannot he maintained, and a fortiori, the heir is not bound by such a contract, and it cannot be the basis of judgment against her. The defendant is, however, responsible on the draft given, in his private capacity. The words, "executor of Moses Kirkland," added to his signature, can be considered in no other light but as words of description, which neither add to, nor diminish the individual and personal responsibility of the party using them. The only question is, whether the court, under the pleadings, could give judgment against the defendant. The plaintiffs have been cautious to state, that the defendant, Cash, made the note as executor—that as executor he is responsible—that as executor he may be cited—and that the judgment be satisfied out of the estate, of which he is executor. It concludes, however, with a prayer for general relief.

Wherever the evidence in a cause shews that the petitioner is entitled to recover,the uniform practice of this court

his private capacity, and if he be sued as executor, and there be a prayer for general relief, judgment may be given against him individually, if it appear that his liability as such, was sought to be established.

has been to give judgment for him, although he may have mistaken the ground on which he alleged the liability of the defendant. This is in furtherance of justice, to prevent delay, and to save costs. There is, however, a necessary limitation to such a principle, namely, that the proceedings in the inferior court should have apprised the party, that relief was sought from him on other grounds than those alleged; otherwise he might be deprived of a defence to the action in the capacity in which it is endeavoured to make him liable. Thus if there was nothing else in the record before us, but the evidence, we should doubt if this was a case for the application of the rule, because that evidence was called for by the pleadings, which charged him as executor, and did not apprise him that he was sought to be made responsible individually. But we see from the proceedings below, that the plaintiff did attempt to establish the liability of the defendant on the trial in his private capacity. The evidence sustains him in that attempt, and we, therefore, think that he should recover. The prayer for general relief authorizes judgment against him individually.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered that, as to the defendants Rucker, there be judgment in their favour with costs in the court of the first instance. And that the plaintiff do recover of the defendant, Cash, the sum of four hundred and ninety-eight dollars 86 cents, with interest at six per cent, from the 23d of February, 1828, the date of protest, with costs in the court below, and with those of appeal.