## Case No. 4,313.

### EIDEMILLER v. WYANDOTTE CITY.

[2 Dill. 376;[1] 5 Chi. Leg. News, 423.]

Circuit Court, D. Kansas. 1873.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Kimball & Cravens, for the motion.
Scroggs & Bartlett, opposed.

DILLON, Circuit Judge. The constitution of Kansas provides that "no right of way shall be appropriated to the use of any corporation, until full compensation therefor be first made in money, or secured by a deposit of money to the owner, irrespective of any benefit from any improvement proposed by such corporation." Article 12, § 14.

From the showing made in this case, it appears that steps were taken to condemn a right of way by the county authorities for a public road or highway through the land of the complainants; that they appealed from the assessment of damages; that this appeal is still pending; that subsequently the territory through which the road was laid was incorporated as a city of the third class under the General Laws of Kansas, by the name of Kansas City; that the city council of the latter place, by resolution, has given to the city of Wyandotte the right to improve the said highway and street in the former place, and fill the same so as to connect it with the bridge across the Kansas river, which divides Wyandotte and Kansas City, and that Wyandotte city is now employing a large force of men in making the approach to the bridge by filling up the road or way thus proposed to be laid out through the land of the complainants.

The bridge between the two places appears to have been built at the joint expense of the city of Wyandotte and of the county of Wyandotte, under a contract between the county commissioners and the King Bridge Company, in relation to which there is a dispute between the county and this company. The county has never accepted the bridge, and the present board of county commissioners deny the authority of the former board to make the contract for its erection, and repudiate the bonds issued in payment or part payment for it. The contractors claim a balance due them of over $20,000. The west end of the bridge in question is at the end or on one of the streets of Wyandotte city. The east end of the bridge is in Kansas City, Kansas, at the end of the road or highway before mentioned, and on the land of the complainants. The middle thread of the river is the boundary line between the two cities. It will thus be seen that Wyandotte is engaged in making an approach to the bridge, not only without her own limits, but within the limits of another municipal jurisdiction. This is being done, however, with the assent of the corporate authorities of the latter place. This approach is being made by filling with earth upon the lands of the complainants a road bed, about 80 feet wide and 20 feet deep at the bridge, thus dividing these lands by a high embankment, which, it is alleged, will greatly injure them and destroy them for the uses to which they are devoted by the complainants. It is alleged that no payment for the land thus appropriated has ever been made or tendered or deposited for the complainants. A temporary injunction is prayed to restrain the defendants from further proceeding with their work upon the complainants' lands, or using them, and for gerenal relief.

No compensation having been made, tendered, or deposited for the plaintiffs, as required by the constitution of Kansas to be first done before their property can be appropriated to public use, it follows that they have never been divested either of the title or right of possession of their lands by the proceeding to lay out the county road through them. Damages were awarded them, but being dissatisfied they appealed from the decision of the county commissioners to the district court. The statute gives the right to appeal in such cases "upon the same terms, in the same manner, and with the like effect as in appeals from judgments of justices of the peace." Gen. St. 1868, p. 900, § 7. I have discovered no provision regulating the rights of the parties pending the appeal. To enter upon the lands of another, not for a preliminary and temporary purpose, but for the purpose of making an embankment or roadway upon them for public travel and use is a clear taking or "appropriation" of the land; and this the constitution of the state says shall not be done "until full compensation therefor be first made in money, or secured by deposit in money, to the owner." Here no compensation has been made to the owners, nor secured to them by a deposit of money, and therefore the public authorities have no right thus to use the complainants' lands without their consent, and the use of them in the manner here shown is in violation of their rights guaranteed by constitutional provision. It does not appear that the amount awarded by the county commissioners was ever paid, or tendered, or placed on deposit for the complainants, and therefore we need not now inquire what effect that would have had on their rights had this course been pursued. The statute

gives the land owner an unqualified right to appeal, and pending this appeal (in the absence of statute provisions to the contrary, and in the absence of any payment, tender, or deposit of the money), such owner's rights are not divested or affected by a mere unpaid award or assessment of damages. Whether the constitution does not imply and mean that there shall be a final ascertainment of what the "full compensation" to the owner is, and that when thus ascertained this precise amount must be paid in money, or deposited in money, before the owner can be deprived of the use of his land, I need not now give any opinion; for if it be conceded that the legislature under the constitution could authorize the use by the public, after a deposit of the amount awarded by the commissioners, and pending the appeal, it does not appear that any such provision has been made by the legislature, or any such course pursued by the public authorities.

It is objected by the defendants that the complainants are not entitled to an injunction, because the injury complained of is not irreparable, and because they have a full and adequate remedy at law. These positions are controverted by the complainants, who maintain that such an embankment is an irreparable injury to their land, and that as the acts of the city of Wyandotte with respect to this land are acts done wholly outside of the limits of the city they are ultra vires, and give no action whatever for damages against the city in its corporate capacity.

I deem it unnecessary to follow the counsel in these discussions. The making of a high embankment of great width and length, to be used as a public roadway, falls, I think, within the legal notion of an irreparable injury [but whether it does or not, I have always acted upon the principle that it was sound doctrine that where, without complying with substantial conditions precedent made for the benefit of the owner, a public or private corporation, threatened to take forcible possession of the land of the citizen in violation of his constitutional rights, the citizen is entitled to the speedy and effectual relief which an injunction alone can furnish, particularly when his rights have been so carefully secured as in the constitution of Kansas, as no special and exclusive remedy for the assertion of those rights is prescribed],[2] and gives a clear and recognized right to an injunction

And it has been held that when an appeal is given by law, and the land owner availed himself of it, he was entitled, in the absence of provisions to the contrary, to the possession of his land during its pendency, and to an injunction, if necessary to protect such possession. Browning v. Railroad Co., 3 Green, Ch. [4 N. J. Eq.] 47; Trustees of Iowa College v. City of Davenport, 7 Iowa, 213.

Compensation and appropriation should be concurrent (2 Kent, Comm. 339, note; Cooley, Const. Lim. 567), and under the constitution of Kansas must be; or rather compensation or deposit of money must precede the appropriation of the land.

It was suggested at the argument that the proper order would be one denying the injunction, if the highest probable amount to which the complainants would be entitled were brought into court for their benefit. But this court has no jurisdiction or control over the proceedings in condemnation, nor over the county authorities by which these proceedings were instituted, nor over Kansas City, it not being made a party to this suit. The payment, tender, or deposit should be made in that proceeding, and not in this.

I think, therefore, that the complainants are entitled to the injunction they ask, but it will be granted only until the compensation to which the complainants are entitled for the right of way has either been paid or deposited as required by the constitution of the state. Ordered accordingly.