### HENRY D. SMITH v. EMORY E. GORE, *et al.*

HOMESTEAD, *Proceeds of Sale of, When Not Exempt.* Where a person sells his homestead and does not at the time have any intention of using the proceeds thereof in purchasing another homestead, and has no intention of purchasing another homestead immediately with any funds, such proceeds are not exempt from the payment of his debts. Nor can such person, after an action has been brought against him to subject such proceeds to the payment of a debt, render such proceeds exempt from the payment of such debt, by then forming an intention to use such proceeds in procuring another homestead.

*Error from Leavenworth District Court.*

ACTION brought by *Gore*, against *Smith* and various other defendants, to subject a certain note and mortgage held by *Smith* against one Michael McDonald, to the payment of a certain judgment held by plaintiff against said *Smith*. Trial at the September Term, 1879, of the district court, and judgment for the plaintiff. *Smith* brings the case here.

*H. T. Green,* for plaintiff in error.

*L. B. Wheat,* for defendant in error Gore; *Thos. P. Fenlon,* for defendant in error Worthington; *C. F. W. Dassler,* for defendant in error Mary C. Smith; *J. D. Shafer,* for defendant in error McDonald.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to subject a certain note and mortgage held by Henry D. Smith against Michael McDonald to the payment of a certain judgment held by Emory E. Gore against Henry D. Smith. Gore commenced the action against Smith and McDonald, and made various other persons parties defendant. Smith, however, was the only real party defendant, and he is now the only plaintiff in error. All the other parties were and are satisfied with the judgment rendered by the court below. The only defense to the action was and is, that said note and mortgage were given in part consideration for Smith's homestead, on a sale and conveyance thereof. The facts of the case are substantially as follows:

On October 17, 1876, and prior thereto, Smith owned a certain piece of land, which he then occupied as his homestead. On that day he sold said homestead to Michael McDonald, and in consideration therefor McDonald then paid him $3,500 in cash, and gave him his promissory note and mortgage for $1,037.50 more. This note was dated October 17, 1876, and was to become due in two years after date, or on October 17, 1878. Smith used said $3,500 in paying debts, and in supporting his family. On March 1, 1877, Smith removed from said land, and moved upon another piece of land, which he rented and occupied with his family for one year. He then moved upon another piece of land with his family, which land he occupied for about nine months. He then removed into Leavenworth city, and he and his family occupied a house in that city which was partly occupied by another family. At the time of the trial of this case, which was September 3, 1879, he with his two minor children was living with his son-in-law, and his wife was staying with her father. This action was commenced on February 8, 1879. On September 3, 1879, it was tried. On the trial, Smith testified that "he ( H. D. Smith) expects and intends to use the proceeds of that note and mortgage —

that is, the money due on it—to buy another small farm, to live on as a home for himself and family." Whether at any time previous to the trial, Smith ever expected or intended to use the money due on said note and mortgage to purchase another homestead, is not shown. The foregoing is all the evidence that tended to show that he ever at any time had any such expectation or intention. Smith never purchased or owned any land after selling his homestead, and there is nothing in the record, except the words above quoted, that shows, or tends to show, that he at any time had any desire or wish to purchase, or any expectation of purchasing, any more land. Under these circumstances, we do not think that the money due on said note and mortgage is exempt from the payment of Smith's debts.

It is true that this court has decided that the proceeds of a homestead sold at forced sale by a sheriff are exempt from the payment of all debts which are not liens upon the homestead, so long as the debtor expects and intends to use such proceeds in procuring another homestead. ( *Mitchell v. Milhoan*, 11 Kas. 617.) And this doctrine probably ought to be extended to cases where the sale of the homestead is made voluntarily by the owner of the homestead himself. ( *Watkins v. Blatchschinski*, 40 Wis. 347.) But we think the intention to use the proceeds in procuring another homestead should be formed at or before the time of the sale, and the intention should be to procure another homestead with the proceeds immediately. It would not do to form the intention two years after the sale, nor would a present intention to procure the homestead two years afterward be sufficient. If the party himself supposed that he could get along without a homestead, the law would not protect his money or his credits, and exempt them from the payment of his debts, merely because it supposed he needed a homestead. The law does not, *in express terms*, in any case exempt money or credits, merely because they are proceeds of a homestead. They are exempted only by a sort of equitable fiction drawn from the spirit of the homestead-exemption laws, and adopted for the

purpose of enabling persons to change their homesteads when they desire. This sort of exemption, however, is not allowed in several of the states. (Thompson on Homesteads, § 748 to § 751.) In this state the homestead-exemption laws are construed liberally; but giving to them the most liberal construction, the plaintiff in error is not entitled to have the money due on said note and mortgage exempted from the payment of his debts.

Under the circumstances of this case, we think the present action may be maintained. (Civil Code, § 481.) Except for this note and mortgage, it was shown that Smith was wholly insolvent, and entirely execution-proof. Different executions had been issued against him, and returned not satisfied.

The judgment of the court below will be affirmed.

All the Justices concurring.