### HARRIER v. FASSETT ET AL.

1. **Exemption**: PROCEEDS OF EXEMPT PROPERTY. The proceeds of personal property exempt from execution, voluntarily sold by the owner, are not exempt.

*Appeal from the Superior Court of Cedar Rapids.*

### SATURDAY, JUNE 11.

THE plaintiff moved the court to render judgment against the garnishee, which was overruled, and judgment rendered for the defendants. The plaintiff appeals.

*Frank G. Clarke*, for appellant.

No appearance for appellees.

SEEVERS, J.—The amount in controversy being less than one hundred dollars, the trial judge has certified that it is desirable to have the opinion of the Supreme Court on the following question: "Where 'A' voluntarily sells a team of horses exempt from execution and recovers a judgment for the balance due on said sale against the vendee, 'B', is the judgment debtor 'B' liable as garnishee to a judgment creditor of 'A'?"

At common law all the personal property of a debtor is liable to be seized on execution and appropriated to the payments of his debts.    It is provided by statute a debtor may hold exempt from execution " the horse or team, consisting of not more than two horses or mules or two yoke of cattle, and the wagon or vehicle with a proper harness or other tackle by use of which the debtor    *    *    *    habitually earns his living."    Code, § 3072.    It is the specific property mentioned in the statute which is thereby exempted from execution, and not the proceeds of such property if the same has been voluntarily sold by the debtor.    We cannot by construction extend the statute to the property or the proceeds thereof not mentioned therein.    If the legislative intent had been to exempt the proceeds of exempt property when the same had been voluntarily sold by the debtor it undoubtedly would have been so declared.    The policy of the law seems to be to exempt the team so that therewith the debtor may earn his living.

It is provided in § 3244 of the Code that where a money judgment has been rendered for property exempt from execution which was wrongfully taken, the judgment or money shall also be exempt.    It will therefrom appear that a statutory distinction has been drawn between the voluntary and involuntary sale of exempt property and the proceeds thereof. The views above expressed are sustained by *Friedlander v. Mahoney*, 31 Iowa, 311; *Knabb v. Drake*, 23 Penn. St., 489; *Wygant v. Smith*, 2 La., 185; *Carty v. Drew*, 46 Vermont, 346.    The question certified must be answered in the affirmative, and the judgment below

REVERSED.