The Carbon Coal and Mining Company v. James A. Drake.

HIGHWAY; *Compensation of Land-Owner; Injunction.* In accordance with the provisions of ch. 103, Laws of 1866, a state road was attempted to be located and established from the crossing of the Santa Fé road on One-Hundred-and-Ten-Mile creek, in Osage county, to Elmendaro, in Lyon county. In the summer of 1880, the trustee of Superior township, in Osage county, sought to open this alleged state road over and across section 34, in township 16, range 14, in Osage county. The owner of the premises had never given his assent to the laying-out or location of the road over his real estate, no compensation had ever been paid or tendered for the right of way, no proceedings had ever been taken to determine the amount of compensation therefor, and the law made no provision for compensation. *Held*, That the owner has never been divested either of the title or right of possession of his land by any valid proceeding; and further, *held*, that he is entitled to maintain an injunction against the public authorities to restrain them from entering upon his fields and exposing his crops to waste and damage, to open the supposed road.

*Error from Osage District Court.*

ACTION brought by the *The Carbon Coal and Mining Company* against *Drake*, as trustee of Superior township, in Osage county, to enjoin the defendant from entering upon plaintiff's premises to open a supposed highway. Trial at the April Term, 1881, of the district court, and judgment for the defendant. The plaintiff brings the case here. The opinion states the facts.

*Ellis Lewis*, for plaintiff in error.

*Van Deventer & Martin*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action by the plaintiff in error against the defendant in error, to enjoin the latter, as trustee of Superior township, of Osage county, from entering upon the premises of the former to open a supposed highway for the public. Upon the trial, it was admitted and agreed by the parties that the defendant, at the time of filing the petition, was the trustee of Superior township, and as such trustee had ordered one D. M. Clemmer, as the agent of plaintiff for the premises in controversy, to open a highway, which defendant claimed ran through and across the premises of plaintiff, and which plaintiff had wholly inclosed; that plaintiff was, at the commencement of the action, the owner of the real estate over which the road was alleged to exist; that the disputed highway had been authorized by ch. 103 of the Laws of Kansas of 1866, being an act entitled "An act to establish certain state roads," approved February 27, 1866, and was the seventeenth of the highways provided for in said act; that it had been located by the commissioners named in the act to lay out the state roads, and was a legally-established state road, provided the act was a valid one, and not in conflict with the constitution of the state of Kansas, and provided further, that a legal and valid state road and public highway

could be laid out and established under and by virtue of the provisions of said act alone.   In addition, the witness, D. M. Clemmer, testified that the real estate over which the state road was claimed to be laid out and established was, at the time the defendant, as trustee, ordered him to open the highway, inclosed, fenced, and under cultivation, and was so inclosed and under cultivation at the time of the trial; that he was then the plaintiff's agent; that, to open the highway, the fence of plaintiff would have to be taken down, and the crops thereon would be left exposed without protection, unless they were reinclosed with other fences on each side of the alleged state road; that, before the commencement of this action, the defendant, as trustee, had ordered him, as agent of the plaintiff, to open the road as a state road, and said to him that, "If he (Clemmer) did not open the alleged state road, that he (defendant) would have it done;" that the witness had not opened, or allowed the road to be opened, and had commenced this action to ascertain whether any such road was a legally-established highway, and if not a highway, to prevent the opening of the same as a highway.   No other evidence was submitted. The district court thereupon decided that the alleged state road was a legally-established highway, and that the temporary injunction heretofore granted should be dissolved.   Judgment was entered in favor of the defendant.   All of this was erroneous.   Under the facts alleged in the petition, and sustained upon the trial, the plaintiff was entitled to an injunction to restrain the defendant from further interference with his rights.   Chapter 103, p. 224, Laws of 1866, made no provision for compensation to the persons through whose premises the roads therein mentioned were to be located and established, and therefore the road therein provided for over the premises of plaintiff could not be established and opened without the consent of the plaintiff, in the absence of compensation paid or tendered, and in the absence of any provision for the land-owner to obtain compensation.   The plaintiff has never been divested either of the title or right of posses-

sion of his land by any valid proceeding under that act or any other. It has never consented to the opening of any road upon the premises, and has never been paid or tendered any compensation for the land sought to be taken, nor has any proceeding been had toward determining the compensation to which it would be entitled. (*Oliphant v. Comm'rs of Atchison Co.*, 18 Kas. 386, 396; *Eidemiller v. Wyandotte City*, 2 Dill. 376.) If provision had been made in ch. 103, Laws 1866, by which land-owners could obtain compensation, even though such compensation was not to be paid until after the actual appropriation of the right of way, the authorities seem to hold such a law valid; but where there is no remedy in the law to which the land-owners can resort of their own motion for compensation, such a law is void. (Cooley Const. Lim., 3d ed., §§ 560, 561, and notes thereto.)

Counsel for defendant refer us to § 7, ch. 110, Laws of 1864, and suggest that this act provides for compensation for the right of way of state roads, and ·that the act of 1866 is simply supplemental thereto, and is to be construed therewith. Unfortunately for this suggestion, § 7 of the act of ch. 110 of the Laws of 1864 only provides for compensation for the roads specifically mentioned in that act. Compensation is limited to the rights of way for those roads only, and therefore has no application to the subsequent act of 1866. The other statutes to which we are referred by counsel for defendant in no way strengthen, qualify or extend the provisions of the act of 1866.

The judgment of the district court must be reversed, and the case remanded.

All the. Justices concurring.