### L. A. HEACOCK v. HUGH SULLIVAN *et al.*

No. 13,929.   (79 Pac. 659.)

#### SYLLABUS BY THE COURT.

1. HIGHWAYS—*Burden of Proof.* The burden of proving the non-existence of the road in question, under the pleadings in this. case, rested upon the plaintiff.

2. ———— *Record of Proceedings.* The records in the county clerk's office of the proceedings of the board of county commissioners, in the absence of any showing of a loss of the same, should show all the facts essential to the validity of a proceeding to lay out, and open, a public highway.

Error from Harper district court; PRESTON B. GILLETT, judge. Opinion filed February 11, 1905. Reversed.

*E. C. Wilcox*, for plaintiff in error.

*George B. Crooker*, and *R. H. Beebe*, for defendants. in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: The plaintiff in error brought. this action in the district court of Harper county to. enjoin Hugh Sullivan, as road-overseer, and his assist-

ants, together with J. W. Grigsby, as township trustee, and the board of county commissioners of Harper county from attempting to lay out, and open, a public highway along the section line on the north side of a tract of land owned by plaintlff, adjacent to the city of Attica.  The defendants in error claim that there was a legal highway previously laid out, and opened, over the strip of land in question, and that the acts complained of were simply in the necessary improvement of the same.

A temporary injunction was granted at the commencement of the action.  The case was tried to the court, without referring the facts to a jury, and judgment was rendered against the plaintiff for costs. The court made separate findings of fact and conclusions of law.  The facts found are, in substance, that the land over which the road was sought to be opened was entered by one Richard Botkin, who received his second, or "final receipt," therefor from the United States on March 21, 1882, and his patent December 1, 1882; that plaintiff had acquired the land through a legal chain of title from Botkin prior to the commencement of this action, and was the owner thereof; that in 1881, and during the time Botkin was in possession of the land, a petition was presented to the county commissioners of Harper county for a road some eighteen miles in length, to pass along the section line on the north of this land, and that Botkin was one of the signers of that petition; that no survey of the road was made, no viewers appointed, and, in effect, no provision was made for ascertaining or allowing any damages that might accrue to the. owners of adjacent lands; that the petition, with the order of the board allowing the same, constituted the

only files and record of the county pertaining to the road.   The court further found :

"About the time the opening of the road in question was up for consideration before the board of county commissioners, Richard Botkin said that he would make no claim for damages on account of the opening of the road if the rest of the people along the line of road made no claim.   The rest of the people along the line made no claim for damages  .  .  .  and Richard Botkin made no claim for damages."

The court found, in substance, that Botkin, at the time the order opening the road was made, waived any claim for damages and gave one-half of the width of the same ; that soon after the commissioners made the order the principal petitioner and others attempted to mark out the line of the road from the county line west and extending east of the land in question by plowing furrows (the land in question and the land generally along the line being open and unimproved), but that in running the furrows they deviated in places four or five rods north of the true section line ; that this was true when it passed the land in question, and that Botkin planted trees along the line as marked out by the furrows, being almost entirely off his land, and also planted an orchard of peach and apple trees on his land where the true section line was ; that at one point the road, as marked out by the furrows, was eight rods north of the plaintiff's land ; that chapter 138 of the Laws of 1891, being "An act to legalize the acts of certain officers of Harper county in relation to roads and highways," was passed, approved, and became a law, on the 25th day of March, 1891 ; that soon after the commencement of this action the plaintiff, Heacock, said to Hugh Sullivan, the road-overseer, in substance,

that if the true section line should be ascertained by the county surveyor along his land without expense to him and a good road established over the same he did not want any damages for the same; but that while the township officers were engaged in opening the road over the true section line, as determined by said county surveyor, plaintiff commenced this action and obtained the temporary injunction.

The court found as conclusions of law: (1) That the proceedings of the county commissioners had in 1881 to establish and lay out a road over the land in question were void; (2) that chapter 138 of the Laws of 1891 legalized the proceedings of the board of county commissioners in the establishment of the road; (3) that, in effect, the plaintiff is estopped from maintaining this action by his statement to the township officers in regard to the opening of the road shortly before they began to open the same; (4) that the temporary injunction should be dissolved and the case dismissed; (5) that neither the seven nor fifteen years' statute of limitations has run.

The petition in this case, after alleging the ownership in the plaintiff of certain land and that the defendants, one of whom is alleged to be the road-overseer, were attempting to open and grade a road for travel across the same, alleged that there was no regularly laid out road at said place. The non-existence of a regularly laid out road at this place was an essential fact to the plaintiff's cause of action, and the burden of establishing this fact by the evidence was properly held to be upon the plaintiff.

The records and files of the county clerk's office were introduced in evidence and showed that in 1881 a regular petition was filed in the office of the county clerk asking for the laying out, and opening, of a pub-

lic road sixty feet wide extending over the land in question ; that no viewers were appointed to view and locate the road and no survey was had, and, inferentially, that no report of viewers was made, and no opportunity to claim damages was given the landowners over whose land the road would pass ; yet the county commissioners granted the petition and ordered the opening of the road. This proceeding the court properly held was void. The court, however, held that chapter 138 of the Laws of 1891 legalized the road in question for the entire length attempted to be laid out by the order of the commissioners. This was erroneous.

That the legislature can do indirectly what it cannot do directly seems too preposterous for argument. An act of the legislature which purported to authorize a board of county commissioners to lay out, and open, a public road without any showing that the road would be a public utility, without any physical location of the road, and without compensation, or opportunity for compensation, to owners of abutting land, would be unconstitutional. (*Carbon C. & M. Co. v. Drake*, 26 Kan. 345 ; *Hughes v. Milligan*, 42 id. 396, 22 Pac. 313.) The legislature cannot by a curative act render valid an unconstitutional act. (*State v. Whitesides*, 30 S. C. 579, 9 S. E. 661, 3 L. R. A. 777 ; *Richman v. Supervisors of Muscatine Co.*, 77 Iowa, 513, 14 Am. Rep. 308, 42 N. W. 422, 4 L. R. A. 445.)

There was no evidence to sustain the finding that Botkin, through whom plaintiff claims title, waived any claim for damages and gave one-half the width of the road ; in fact, the evidence affirmatively showed that he had no opportunity either to claim or to waive damages.

The facts found in regard to conversations between

plaintiff and the township officers did not amount to a conveyance of an easement over plaintiff's land, or to an estoppel against the plaintiff.

The judgment is reversed.

All the Justices concurring.