THE STATE OF KANSAS V. JOSEPH CIPRA.

No. 14,210.   (81 Pac. 488.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Prosecution for Obstructing—Evidence.*  Where
   the state, in a criminal prosecution for the wilful obstruc-
   tion of a public highway, relies upon a claim that the road
   was established by proceedings under the statute, it has the
   burden of showing either that the owner of the land affected
   was given personal notice of the meeting of the viewers or
   that conditions existed rendering such notice unnecessary.

2. ———— *Acts Sufficient to Prevent Prescriptive Right's At-
   taching.*  The maintenance of a fence across a traveled road
   by the owner of the land is a sufficient assertion of his rights
   to prevent its becoming a public highway by prescription or
   limitation, notwithstanding the existence of a gate at the
   point of crossing.

Appeal from Ellsworth district court; RINALDO F.
THOMPSON, judge *pro tem.*   Opinion filed July 7, 1905.
Reversed.

*C. C. Coleman,* attorney-general, *Dallas Grover,* and
*Ira E. Lloyd,* for The State.

*Charles J. Evans,* for appellant.

The opinion of the court was delivered by

MASON, J.:   Joseph Cipra appeals from a conviction
upon the charge of wilfully obstructing a public high-
way across a tract of land owned by him in Ellsworth
county.   The principal question involved is whether
the state produced evidence sufficient to warrant the
conclusion that the way in question had ever been
legally established as a public road.   The records of
the county clerk's office were introduced, and showed
that an attempt had been made to establish such a
highway in 1880.   Various defects are pointed out in
the proceedings, some of which may have been cured
by a special act of the legislature (Laws 1883, ch. 67)

which purported to legalize all roads located by the board of county commissioners of that county prior to that year. However, one of the defects complained of, and shown by the evidence, is the omission to give to the owner of the land here involved the notice of the meeting of the viewers which is required by the statute (Gen. Stat. 1901, § 6019), and which is held to be jurisdictional (*The State v. Farry*, 23 Kan. 731) ; and it is not competent for the legislature by a curative act to validate proceedings which were originally void for want of jurisdiction. (15 A. & E. Encycl. of L. 389; *Heacock v. Sullivan*, 70 Kan. 750, 79 Pac. 659.)

It is argued by the state, however, that at the time of the laying out of the road the title to this tract was in the United States, or in a non-resident of the county, and that therefore the notice referred to was not required. The burden of proving such facts was upon the prosecution. It was agreed that the tract was a part of the lands granted by congress to the Union Pacific Railroad Company, and that no patent for it had been issued at the time of the proceedings in question, but it does not follow that for the purposes of this case the title was still in the federal government. For anything that the record discloses the railroad company, prior to that time, may have acquired the right to a patent in virtue of having fully complied with all the conditions of the grant. Indeed, the guarded terms in which the agreement referred to was made seem to suggest that the parties understood that to be the true situation, in which case, the full beneficial title having passed to the railroad company, the delay in the actual issuing of the patent was not material. (*Leonard v. Ross*, 23 Kan. 292; 26 A. & E. Encycl. of L. 403.)

It is claimed by the prosecution that the Union Pacific Railroad Company was a non-resident of the county, but no evidence was offered on that issue. For the purposes of the statute under consideration "a

railway company is to be regarded as a resident of any county in which it operates its roads or exercises corporate franchises." (*The State v. Bogardus,* 63 Kan. 259, 65 Pac. 251.) It cannot be presumed against the defendant that the Union Pacific company was not a resident of Ellsworth county within this rule at the time of the attempt to open the road.

A further contention is made that the road had become a public highway by prescription. During a part of the time that an adverse user by the public is claimed the. way was fenced where it entered and where it left the defendant's land, although gates were maintained at these places. This condition had existed for several years when the defendant purchased the property. Nowithstanding the existence of the gates, the maintenance of such fence was a sufficient assertion of the rights of the owner of the land to prevent their being barred by the statute of limitations.

The evidence not showing the legal establishment of the highway, the judgment is reversed, and the cause remanded for further proceedings.

. All the Justices concurring.