No. 30,578.

THE FIRST NATIONAL BANK OF MANHATTAN, *Appellant*, v. JOHN DEMPSEY, J. B. DEMPSEY and VALENTINE DEMPSEY, *Appellees*.

(11 P. 2d 735.)

Opinion filed June 4, 1932.

*R. P. Evans* and *George Clammer*, both of Manhattan, for the appellant.

*C. B. Daughters*, of Manhattan, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a promissory note wherein plaintiff garnisheed some money due defendant from a third party. After a hearing the trial court discharged the garnishee on the ground that the money was part of the proceeds of the sale of defendant's farm homestead which he intended to reinvest in another homestead. The correctness of that ruling is the subject of this appeal.

The facts were these: John Dempsey owned a quarter section farm in Pottawatomie county and resided there most of his life. In February, 1931, he traded the farm to C. A. Limbocker for a house in Manhattan worth $4,500 and was to receive $1,100 to boot. The farm was mortgaged for $5,000 and some back interest and taxes. Limbocker assumed the encumbrances and paid Dempsey $400 in cash and still owed him $700 when this garnishment proceeding was begun.

There was no dispute between plaintiff bank and Dempsey as to his indebtedness on the note, nor concerning Limbocker's indebtedness of $700 to Dempsey. On the issue whether the $700 should be exempt as funds in process of being realized from the sale of one

homestead to be reinvested in another, Dempsey testified that his children had all grown and his family consisted of himself and wife, and that he had planned to acquire a small suburban place near Manhattan because he had no other means of making a living. He admitted, perhaps inadvertently, that he moved into the house he obtained in the trade with the intention of making it his homestead "as far as I know now"; but elsewhere in his testimony he stuck to his main contention that he had only taken up his abode in the house he got from Limbocker until he could find something more to his purpose. His testimony reads:

"Q. Now when you sold the place did you have any intention with reference to your further homestead? A. I have got to buy a little place to make a living on. I have got to get out in the country a short distance. I have to have a small place, that is my plans.

"Q. Is that still your intention? A. Yes, sir.

.   .   .   .   .   .   .   .   .   .   .   .

"Q. What was your intention when you sold that place to Limbocker? A. My intention was to buy a little place outside of the city, a few acres where I could make a living.

"Q. Is that still your intention? A. Yes, sir."

It was also developed that while Dempsey had taken title in his own name to the Limbocker house, when he was sued by the bank and this garnishment proceeding was begun, he conveyed the Limbocker property and another house and lot owned by him to his wife to satisfy an old indebtedness he owed her.

It was on this showing that the trial court held that the $700 due Dempsey from Limbocker was proceeds of the sale of his Pottawatomie farm homestead and exempt from garnishment because defendant "expects to use the same in the purchase of another homestead."

The trial court accordingly vacated the garnishment proceedings and released the garnishee. Hence this appeal.

The appellant bank's position is simply this: That even the liberal construction of the homestead law which has always been given by the courts of this state will not justify the judgment rendered in this case. It is, however, familiar law that the proceeds of a Kansas homestead designed in good faith for reinvestment in another homestead within a reasonable time are exempt from any and all processes *in invitum*. It is argued that under the homestead law, and our decisions as well, a person is not entitled to two homesteads. Quite so; but he must abide somewhere until he has an opportunity

to choose another homestead suitable to his wants and means. The fact that he transferred the Limbocker property and another Manhattan property to his wife while these garnishment proceedings were pending does not compel the conclusion that defendant was not telling the truth when he avowed that the $700 Limbocker still owed him had been earmarked for investment in some little suburban property suitable for a homestead on which he could make a living. Appellant says:

"Suppose that instead of the effort to reach this fund by garnishment, plaintiff had sued out an execution and had it levied upon the house and lot now occupied by the defendant. Can it be doubted that, under the assumed circumstances, the defendant would at once invoke the constitution and statutory exemption laws of the state to prevent the sale of the property under such execution?"

This is a question this court cannot answer. The trial court believed defendant was a truthful witness; and we can but hope and presume that in the situation suggested defendant would have given testimony which would not have overtaxed the credulity of the trial court.

Among the cases cited by appellant is the early one of *Smith v. Gore,* 23 Kan. 488, where it was said:

"But we think the intention to use the proceeds in procuring another homestead should be formed at or before the time of the sale, and the intention should be to procure another homestead with the proceeds immediately. It would not do to form the intention two years after the sale, nor would a present intention to procure the homestead two years afterwards be sufficient." (p. 490.)

The distinction between that case and the one at bar is rather clear. In the Gore case the evidence tended to show that defendant's idea of reinvesting the proceeds of his former homestead was not conceived until the stress of execution process suggested it more than two years afterwards. Here the testimony was that plaintiff formed the intention to reinvest the $700 in another homestead at the time he sold his former homestead. Moreover, the time between the sale of the former homestead and the date of the garnishment was very brief, not more than two or three weeks; and defendant was certainly entitled to a reasonable time to find another homestead suitable to his wants and means.

The judgment is affirmed.