No. 47,719

International Harvester Credit Corporation, *Appellant*, v. John H. Ross, *Appellee*, and Elmer Anderson, *Garnishee-Appellee*.

(538 P. 2d 655)

Opinion filed July 17, 1975.

*Michael J. Grady* and *Roger K. Viola*, both of Cosgrove, Webb & Oman, of Topeka, were on the brief for the appellant.

*Frank D. Oberg*, of Clay Center, was on the brief for the appellee.

*Per Curiam:* The question presented by this appeal is whether a judgment creditor, who is barred by K. S. A. 1974 Supp. 60-2414 ( *o* ) from foreclosing certain real property belonging to a judgment debtor, can garnish proceeds obtained by the debtor as a result of a voluntary sale of the real property.

The facts are not in dispute. In October, 1969, appellee, John H. Ross, purchased a combine under a retail installment sales contract from Auld Chevrolet of Wakefield, Kansas. Subsequently appellant-garnishor, International Harvester Credit Corporation ( I. H. C. C.), obtained the sales contract and its intrinsic security agreement by assignment. In March, 1971, Ross defaulted and refused to make further payments on the machine. I. H. C. C. initiated a replevin action in district court to recover the combine. The

replevin action resulted in eventual forced sale of the combine and a deficiency judgment against Ross of approximately $2,000.00.

During the pendency of I. H. C. C.'s action the Federal Land Bank of Wichita brought suit to foreclose a mortgage on certain land which comprised Ross' homestead. I. H. C. C. was joined as a party defendant by the bank in the foreclosure suit since it had acquired a possible interest in the real property by virtue of its pending replevin action against Ross. I. H. C. C. filed a disclaimer of interest in the foreclosure poceeding and was dismissed as a party.

In October, 1971, the trial court entered a judgment in rem in favor of the Federal Land Bank and foreclosed the mortgage it held against Ross' land. In the journal entry the trial court ordered that upon expiration of the period of redemption fixed by the court all defendants to the action should be forever foreclosed from claiming any right, title, interest or lien in the subject real property. Ross was allowed eighteen months time to redeem the property. He exercised his right under K. S. A. 1974 Supp. 60-2414 (a) and redeemed the realty in May, 1973, and again became the fee owner. Some ten months later he voluntarily sold the realty in order to repay indebtedness he incurred when he borrowed money to redeem the land. Pursuant to the sale $3,000.00 due Ross was held in escrow by appellee-garnishee Elmer Anderson.

I. H. C. C. thereafter attempted to garnish the funds held by Anderson to satisfy the deficiency judgment it held as a result of the earlier replevin action. The garnishee filed his reply and a reply was filed by Ross requesting dismissal of the garnishment. The trial court concluded that I. H. C. C.'s order should be dismissed basing its decision on the following findings:

"(11) Since the above-described real estate has been sold on order of sale as a result of the Federal Land Bank mortgage foreclosure case and the plaintiff herein did not exercise its privilege of redeeming from the sale of the real estate which it was obligated to do to satisfy its judgment insofar as any lien or claim upon this real estate is concerned, then this proceeding which, in effect, imposes a lien upon the proceeds from the sale of the real estate, appears to be an attempt to make the same real estate liable for a judgment inferior to the Federal Land Bank mortgage under which the foreclosure sale was made. K. S. A. Supp., 60-2414 (o) provides that 'real estate once sold on order of sale, special execution, or general execution, shall not again be liable for sale for any balance due upon the judgment or decree upon which the same is sold, or any judgment or lien inferior thereto, and under which

the holder of such lien has a right to redeem within the six (6) months as herein provided.'

"(15) . . . The fact that defendant was able to redeem his land and later sell it, in satisfaction of the debt incurred to redeem the land, in order that he obtain some equity out of it would appear to be the result contemplated by the statute which was enacted to prevent the sale of land twice (K. S. A. 1973 Supp., 60-2414 [o].) As pointed out by defendant, it would appear that plaintiff is attempting by this garnishment proceeding to do indirectly what the law will not permit it to do directly."

I. H. C. C. has appealed. Appellant concedes that it was barred by K. S. A. 1974 Supp. 60-2414 (o) from seeking a second foreclosure of the realty prior to its voluntary sale by Ross. However, appellant argues that the sole purpose of the foregoing statute is to prohibit successive executions by various creditors against one tract of realty, exposing it to liability in excess of its fair market value through numerous costly foreclosure sales. The appellant contends that 60-2414 (o) does not bar a judgment creditor's attachment of proceeds, which are traceable to a debtor's voluntary sale of realty, where the realty has been previously redeemed by the debtor following a foreclosure action, wherein the attaching creditor was a party.

We agree with appellant's interpretation of Kansas' statutory redemption provisions and therefore reverse the decision of the trial court.

Statutes providing for redemption from foreclosure sales were generally intended to effect a dual purpose. A mortgagor is given a period of time to refinance and save his property, but more importantly the statutes put pressure on mortgagees and lienors, who are usually the chief bidders at foreclosure sales, to bid for the property at its value. (See G. Osborne, Mortgages, 2d Ed. 1970, § 8, pp. 17, 18.)

Additional protection is afforded redeeming mortgagors and debtors through provisions included in redemption statutes which bar subsequent foreclosure sales of realty to satisfy inferior judgments or liens where such property has been once sold to extinguish a senior claim. It has been said that land should not be made a miraculous pitcher from which the total indebtedness of the owner should be paid. Attempts to do so will discourage redemption, encourage underbidding at foreclosure sales and thereby defeat the purpose of redemption statutes. (See Durfee and Doddridge, *Redemption From Foreclosure Sale*, 23 Mich. L. Rev. 825, 853 [1925].)

The Kansas legislature in 1893 recognized the need to protect land from being taken again and again from an owner who tried to save it by redemption following a foreclosure sale. As a part of the redemption provisions it was provided in pertinent part:

"Real estate once sold upon order of sale, special execution or general execution shall not again be liable for sale for any balance due upon the judgment or decree under which the same is sold, or any judgment or lien inferior thereto, and under which the holder had a right to redeem. . . ." (L. 1893, Ch. 109, § 23.)

The foregoing statutory provision has been retained in K. S. A. 1974 Supp. 60-2414 (o) without change.

In *McFall v. Ford*, 133 Kan. 593, 1 P. 2d 273, cert. den. 285 U. S. 537, 76 L. Ed. 930, 52 S. Ct. 310, this court examined the operation and effect of the statute barring second foreclosure sales of land. In an opinion denying a petition for rehearing in the *McFall* case the court considered the intent of the statute and stated that its purpose is to obtain the maximum value of the land to apply against liens, and when that has been accomplished to protect the land from subsequent foreclosure sales following redemption by the owner. The statute is viewed by the court as an exemption law enacted in the interest of the public welfare. (*McFall v. Ford,* reh. den. 133 Kan. 678, 681, 3 P. 2d 463, 285 U. S. 537, 76 L. Ed. 930, 52 S. Ct. 310.)

Real property once sold upon an order of sale or special or general execution can be properly characterized as exempt property with respect to creditors holding judgments or liens inferior to the lien under which the property was foreclosed, where those junior lienholders had the right to redeem as provided by K. S. A. 1974 Supp. 60-2414. The law in Kansas is clear that proceeds obtained by a debtor from a voluntary sale of exempt property do not retain an exempt status and are therefore subject to execution. (*Smith v. Gore,* 23 Kan. 488; *Pefly v. Reynolds, Sheriff,* 115 Kan. 105, 222 Pac. 121; *Independence Savings & Loan Ass'n v. Sellars,* 149 Kan. 652, 88 P. 2d 1059; and *State Department of Social Welfare v. Carlson,* 176 Kan. 299, 270 P. 2d 200.) Most other jurisdictions agree with the preceding rule. (See 35 C. J. S., Exemptions, § 59, pp. 114, 115; and 119 A. L. R. 467, Anno: Debtor's Exemption—Proceeds of Sale.)

In support of the view, that proceeds obtained from the sale of exempt property are not exempt, it has been said that a contrary rule would extend exemption statutes beyond the specific protection afforded by the statute. If the legislative intent had been to exempt

proceeds of exempt property when the same was voluntarily sold by a debtor it would have been expressly declared. (*Harrier v. Fassett,* 56 Iowa 264, 9 N. W. 217 [1881].)

The preceding rationale is applicable in the present case. The protected status granted by 60-2414 (*o*) to property once sold at a foreclosure sale does not extend to proceeds obtained from the voluntary sale of the property. Affording such protection would extend the exemption beyond the statute's purpose of protecting realty as an asset in the hands of a redeeming debtor from successive execution sales.

Two remaining issues indirectly raised in this appeal deserve attention. The appellee, Ross, intimates that appellant's disclaimer of interest in the Federal Land Bank foreclosure action operates to estop it from seeking satisfaction of its judgment by executing against money traceable to the sale of property which was the subject of that action. Appellant was joined in the foreclosure action as a party defendant by the plaintiff bank in order to fully adjudicate all claims adverse to the bank. Under these circumstances a disclaimer of interest in the subject matter of a suit is merely a recognition of the superiority of the bank's mortgage and an admission of its right to foreclose which permits the disclaimant to be discharged from the action. Such a disclaimer does not operate to estop the disclaimant from asserting an interest in the subject matter against one who was a co-defendant in a subsequent action. (See *Hanlon v. McLain,* 206 Okla. 227, 242 P. 2d 732 [1952].)

Furthermore in the present case appellant is not seeking to reach the realty it disclaimed in the foreclosure action, rather it is looking to an independent fund created by the sale of the property.

Finally it must be noted that apparently the proceeds garnished by appellant were derived from the sale of Ross' homestead. No Kansas statute exempts money received as the result of a voluntary sale of the homestead from execution by creditors. However, this court has held that where a debtor intends to invest money received from the sale of his homestead in another homestead and he had such an intention at the time he sold his first homestead and has not abandoned that intention, the money is exempt from attachment and execution. (*Smith v. Gore,* supra; and *First National Bank v. Dempsey,* 135 Kan. 608, 11 P. 2d 735.)

In this case Ross has demonstrated no intention of investing the funds garnished by appellant in a new homestead. The proceeds are

therefore not exempt from attachment by his creditors. (*State Department of Social Welfare v. Carlson*, supra.)

For the reasons set forth above the judgment of the district court is reversed.

FROMME, J., not participating.