**In re Debra Ann SIPKA, Debtor.**

**Civ. A. No. 91–1463–B.**

United States District Court,
D. Kansas.

Nov. 25, 1992.

---

Debra Ann Sipka, pro se.

William B. Sorensen, Jr., Morris, Laing, Evans, Brock & Kennedy, Chtd., pro se.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter comes before the court on debtor's appeal[1] of the bankruptcy court's ruling sustaining the trustee's objection to the debtor's claim of a homestead exemption in cash proceeds from a division of marital property. The facts have been set forth in the bankruptcy court's order and are not in dispute. The issue[2] to be decided is whether the proceeds from an involuntary sale of a debtor's homestead in another state fall within the Kansas homestead exemption statute[3] when the debtor moves to Kansas.

Bankruptcy Rule 8013 sets forth the standard of review for appeals from orders of a bankruptcy court. The bankruptcy court's conclusions of law are reviewed *de novo*. *In re Burkart Farm and Livestock*, 938 F.2d 1114, 1115 (10th Cir.1991).

A claim of exemption in a bankruptcy proceeding is governed by Kansas law. K.S.A. 1991 Supp. 60–2312(b). K.S.A. 1991 Supp. 60–2301 allows a debtor to exempt "one acre within the limits of an incorporated town or city ... occupied as a residence by the owner or by the family of the owner, or by both the owner and family thereof." The purpose of this statute is to insure a debtor and her family the means to avoid absolute destitution. *Bohl v. Bohl*, 234 Kan. 227, 230, 670 P.2d 1344 (1983).

The Kansas courts have held the homestead exemption extends to the proceeds of the sale of a Kansas homestead where the debtor intends to invest such proceeds in another Kansas homestead. *First National Bank v. Dempsey*, 135 Kan. 608, 610, 11 P.2d 735 (1932); *International Harvester Credit Corp. v. Ross*, 217 Kan. 683, 687, 538 P.2d 655 (1975). In *In re Daniels*, 65 B.R. 703 (Bkrtcy.D.Kan. 1986), the court held the proceeds of an involuntary sale of a Kansas homestead were exempt if the debtor intended to use the proceeds to purchase another Kansas homestead. *Id.* at 706.

The debtor now seeks to extend the exemption to a situation where the involuntary sale took place in another state. Our research discloses no Kansas case that has directly addressed this issue. The bankruptcy court discussed the other five jurisdictions that have considered the issue and found that the majority have held the proceeds of the sale of a homestead in another state lose their exempt status when removed from that state. The debtor seeks to distinguish these cases by claiming that they involved abandonment of the homestead whereas she allegedly was prevented, against her will, from returning to Michigan to claim her homestead rights. However, the debtor cites no cases which support her position.

The court believes the majority rule is correct and Kansas would not recognize an exemption in this case. The Kansas exemptions have no extra-territorial

---

1. The debtor appears *pro se* although it would seem from the pleadings that she either has had the assistance of some unnamed attorney or has some legal training.

2. The bankruptcy court noted that the proceeds in question did not come directly from the sale of a homestead in Michigan, but rather were proceeds, as yet unrealized, from a division of marital assets in a divorce case and were not specifically tied to any one asset. The stipulated facts in the bankruptcy case show that the Michigan divorce court divided assets in addition to the Michigan homestead. This court would be justified in affirming the bankruptcy court's order on the basis that the proceeds were not exclusively realized from the Michigan homestead. However, in order to resolve all the issues, the court will assume, without deciding, that the $15,000 awarded by the Michigan divorce court were proceeds of the homestead.

3. K.S.A. 60–2301.

force. *B. & M.R. Rld. Co. v. Thompson,* 31 Kan. 180, Syl. ¶ 1, 1 P. 622 (1884). Extending the homestead exemption to cover proceeds rests on an equitable fiction. *Smith v. Gore,* 23 Kan. 488, 490 (1880). The fiction is that the debtor still has a homestead, but its character has temporarily changed. In the case at bar, however, Kansas would not have recognized an exemption for the debtor's Michigan homestead in the first instance. Accordingly, the transfer of the proceeds resulting from the involuntary sale of the homestead in Michigan does not render the proceeds exempt under Kansas law.

The ruling of the bankruptcy court (Doc. 52) is affirmed.

IT IS SO ORDERED.