No. 24,874.

ELLA PEFLY, *Appellant*, v. W. E. REYNOLDS, as Sheriff, and W. L. CROWE, *Appellees*.

SYLLABUS BY THE COURT.

EXEMPTIONS—*Proceeds of Fraternal Insurance Policies—Land Purchased by Beneficiary With Proceeds of Exempt Money Not Exempt to Such Beneficiary.* Under statutes providing that life insurance policies, including fraternal beneficiary certificates, shall inure to the sole use of the beneficiaries and shall be free from all taxes and the claims of creditors of the persons named in such policies, and that the money paid by any fraternal beneficiary association shall not be appropriated by any legal or equitable process to pay any debt of the beneficiary, no exemption is created with respect to property purchased by the beneficiary with money paid upon a life insurance policy or beneficiary certificate.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed January 12, 1924. Affirmed.

*J. W. Finley, J. A. Allen, B. M. Dunham,* and *T. R. Evans,* all of Chanute, for the appellant.

*R. B. Smith,* of Erie, and *C. M. Brobst,* of Chanute, for the appellees.

The opinion of the court was delivered by

MASON, J.: W. L. Crowe obtained a judgment for $600 against Ella Pefly. An execution was issued and levied upon land owned by her. She brought this action to enjoin the sale on the ground that the land was exempt because it had been purchased by her with a part of the proceeds of fraternal insurance upon the life of her husband, paid to her November 22, 1904. A temporary injunction was denied on these facts and she appeals.

The plaintiff invokes the statutes reading:

"In case any life insurance company, fraternal order or beneficiary society shall have issued or shall hereafter issue any policy or policies of insurance or

beneficiary certificate upon the life of an individual and payable at the death of the assured, or in any given number of years, to any person or persons having an insurable interest in the life of the assured, all such policies and their reserves of the present value thereof shall inure to the sole and separate use and benefit of the beneficiaries named therein, and shall be free from the claims of the assured, and shall also be free from the claims of the person or persons effecting such insurance, their creditors and representatives, and shall be free from all taxes and the claims and judgments of the creditors and representatives of the person or persons named in said policy or policies of insurance." (Gen. Stat. 1915, § 5237. See, also, R. S. 40-327.)

"The money or other benefit, charity, relief or aid to be paid, provided or rendered by any association authorized to do business under this act [that relating to fraternal beneficiary associations] and the reserve or emergency fund of such association shall not be liable to attachment by trustee, garnishee, or other process, and shall not be seized, taken, appropriated or applied, by any legal or equitable process or by operation of law, to pay any debt or liability of a certificate-holder or of any beneficiary named in the certificate, or any person who may have a right thereunder, and shall be exempt from all taxes." (Gen. Stat. 1915, § 5411; R. S. 40-714.)

The second of these sections has been held to protect the money paid to a beneficiary after it has been deposited in a bank. (*Emmert v. Schmidt*, 65 Kan. 31, 68 Pac. 1072.) The section first quoted is obviously no more favorable to the claims of the plaintiff, and need not be separately considered.

Where one deposits money in a bank the relation established is of course that of debtor and creditor, the title to the specific currency passing. Technically the transaction may be considered as an investment of the cash in a demand against the bank, by which its form is changed; but in a practical sense the depositor is regarded as retaining the control of the money, just as one who deposits in a bank the money of others entrusted to his keeping is not treated as having converted it. (*Phillips v. Bank*, 98 Kan. 383, 158 Pac. 23.) Therefore it does not follow from the decision in the Emmert-Schmidt case that property purchased with money paid on a life insurance policy is itself exempt. As has been said of a similar situation—

"Our statute exempts the *money,* and although deposited in the bank it is still money and protected. It has not lost its identity because of the fact that the identical coins or bills deposited are not to be returned. Respondent probably never saw any coins or bills, but took the checks which the insurance company gave her, as evidence that it had the money for her, and deposited them with the bank, having the amounts credited in her bankbook as evidence that she had the money in the bank." (*Holmes v. Marshall*, 145 Cal. 777, 783.)

The proceeds of one homestead which has been voluntarily conveyed are held to be exempt if held with a purpose of investment in another, but not otherwise. (*Smith v. Gore,* 23 Kan. 488.) Property is not ordinarily held to be exempt merely because it is the proceeds of that which was exempt. (11 R. C. L. 530; 25 C. J. 82, note 57.) Cases on the precise question here involved are rare. In Kentucky the exemption given by statute to the proceeds of a life insurance policy in the hands of the beneficiary does not extend to property purchased therewith (*Merrell Drug Co. v. Dixon,* 131 Ky. 212, annotated in 24 L. R. A., n. s., 1018), but the contrary rule prevails in Iowa (*Cook v. Allee,* 119 Ia. 226). In the case last cited it is said that to hold otherwise "might, and often times would, destroy the benefits the statute was intended to confer." (p. 229.) Some courts limit the operation of various acts exempting insurance money to obligations incurred before payment (*Reiff v. Armour & Co.,* 79 Wash. 48, and note L. R. A. 1915-A 1201-1208), or give protection only until it has reached the hands of the beneficiary (Notes, L. R. A. 1915-A 1204, and 6 A. L. R. 610), the latter being the extent of immunity for pensions under the federal law (*Cranz v. White,* 27 Kan. 319). Exemption statutes even within these narrow limits accomplish good results and are well worth while.

Whatever doubt might otherwise exist as to the construction of the statutes here under consideration is in our view dispelled by the fact that by their terms whatever immunity is given from claims of creditors is also extended to taxes. A liberal policy is usually pursued in interpreting exemptions from ordinary debts, but grants of privilege with respect to taxation are strictly construed. (*Stahl v. Educational Assoc'n,* 54 Kan. 542, 38 Pac. 796.) Apart from any specific rule of construction it is altogether unlikely that the legislature intended permanently to exempt from taxation all property purchased with money paid upon life insurance policies, and since the language is the same in the one case as in the other no opportunity is given for any distinction. We conclude that the trial court properly refused to enjoin the execution sale.

The judgment is affirmed.