**Benjamin B. BROWN, Trustee in Bankruptcy of the estate of Hyman R. Posin, Bankrupt, Appellant,**

v.

**Hyman R. POSIN, Appellee.**

**No. 8154.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1960.

Decided Nov. 11, 1960.

Edward L. Genn, Washington, D. C. (Benjamin B. Brown, Silver Spring, Md., on brief), for appellant.

J. Martin McDonough, Baltimore, Md. (Wm. Holland Wilmer, II, and Piper & Marbury, Baltimore, Md., on brief), for appellee.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

This appeal relates to the exemptions allowable to a bankrupt. Maryland Law is here controlling, and the answer depends upon the proper interpretation of a Maryland statute and the Maryland Constitution. The District Court held that Article 48A, section 166,

of the Maryland Code (1957) applies. This statute exempts the cash surrender value, without limitation, of life insurance policies made for the benefit of or assigned to the wife or children or other dependent relative of the debtor. The court held this statute valid and not in conflict with section 44 of Article III of the Constitution of Maryland, which limits to $500 the amount of a debtor's property which the legislature may exempt from *execution*.

For the reasons stated in the able opinion of the District Court, reported in 183 F.Supp. 380, the judgment below is

Affirmed.

Moore, Circuit Judge, dissented from denial of motion to amend order.