**In re Mildred Jean HOWLAND, Debtor.**

**Bankruptcy No. 82–1–0196.**

United States Bankruptcy Court,
D. Maryland.

March 2, 1983.

Michael Roche, Baltimore, Md., for debtor.

Melvin Feldman, Rockville, Md., Trustee of the estate.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

This matter is before this court on the objection of Melvin M. Feldman, trustee in bankruptcy, to the debtor's claim of exemption of $54,851.39 in life insurance proceeds under § 11–504(b)(2). For the reasons stated below, the court will enter an order overruling the objection of the trustee.

Mildred J. Howland, the debtor herein, filed a Chapter 7 petition on February 11, 1982. She has scheduled $6,940.45 in

secured debts and $44,783.31 in unsecured debts. Debtor's husband passed away on January 5, 1982. Debtor was the beneficiary of $54,851.39 in insurance benefits. The first two payments to the debtor of $40,337.53 and $5,068.08 were made on February 18, 1982. The insurance proceeds are property of the estate inasmuch as they were acquired within 180 days after the filing of her petition. See 11 U.S.C. § 541(a)(5)(C).

The trustee urges, inter alia, that the debtor's claim of exemption is impermissible because § 11–504(b)(2) is intended to afford the insured,[1] and not a debtor-beneficiary of an insured, the right to exempt insurance proceeds from execution by the trustee. Md.Code Ann., Courts and Judicial Proceedings Article § 11–504(b)(2) (1980 Repl.) provides for the exemption from execution of:

> (b) *In general.*—The following items are exempt from execution on a judgment.
>
> \*    \*    \*    \*    \*    \*
>
> (2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

The statute is not a model of clarity. Compare 11 U.S.C. § 522(d)(11)(C) that exempts both the debtor's right to receive or property that is traceable to:

> (C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

The court must therefore in this case look to the intent of the Maryland General Assembly inasmuch as this case is governed by debtor's claim of exemptions under Maryland law. See generally, In re Locarno, 23 B.R. 622, 9 BCD 813 (Bkrtcy.Md.1982) (Maryland statutory opt-out provision under 11 U.S.C. § 522(b)(1) held prospectively unconstitutional and void.) The Congressional mandate is stated:

> Though exemption laws have been considered within the province of State law under the current Bankruptcy Act, H.R. 8200 adopts the position that there is a Federal interest in seeing that a debtor that goes through bankruptcy comes out with adequate possessions to begin his fresh start. Recognizing, however, the circumstances to vary in different parts of the country, the bill permits the States to set exemption levels appropriate to the locale, and allows debtors to choose between the State exemptions and the Federal exemptions provided in the bill. Thus, the bill continues to recognize the States' interest in regulating credit with-

---

1. During the insured's lifetime, the insurance cash surrender values were likewise exempt. Md.Ann.Code, Art. 48A, § 385 (1979) Repl. Vol.) provides:

    The proceeds, including death benefits, cash surrender and loan values, premiums waived, and dividends, whether used in reduction of the premiums or in whatsoever manner used or applied, excepting only where the debtor has, subsequent to the issuance of the policy, actually elected to receive dividends in cash, of any policy of life insurance or under any annuity contract upon the life of any person heretofore or hereafter made for the benefit of or assigned to the spouse or children or dependent relative of such person, shall be exempt from all claims of the creditors of such person arising out of or based upon any oblication created after June 1, 1945, whether or not the right to change the named beneficiary is reserved or permitted to such person. The provisions of this section shall not prohibit any creditor from collecting the amount of any debt out of the proceeds of any life insurance policy pledged by the insured as security for such debt.

    A change of beneficiary or assignment or other transfer shall be valid except in case of transfer with actual intent to hinder, delay, or defraud creditors. (An.Code, 1951, § 170; 1945, ch. 864; 1963, ch. 553, § 1; 1973, ch. 7.)

in the States, but enunciates a bankruptcy policy favoring a fresh start.

House Report No. 95–595, 126 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6087.

While it is true that there is language in *Hickman v. Hanover,* 33 F.2d 873, 874 (4th Cir.1929) ("the better and almost universal rule is that such statutes should receive a liberal construction in favor of the debtor in order to advance the humane purpose of preserving to the unfortunate or immprovident debtor or his family the means of obtaining a livelihood and prevent them from becoming a charge upon the public."), that exemption statutes are to be liberally construed, such an interpretation does not and cannot apply to an open-ended exemption without monetary limit. Such exemptions must be governed by the words of the legislature. As was stated by the Fourth Circuit, Maryland law is controlling with respect to the exemptions allowable to debtors. *Brown v. Posin,* 284 F.2d 300 (4th Cir.1960).

The Maryland legislature has long been aware of the apparent distortion caused by the special treatment of insurance proceeds. In the case of *In re Posin,* 183 F.Supp. 380 (D.Md.1960) *aff'd sub nom. Brown v. Posin,* 284 F.2d 300 (4th Cir.1960), Judge Watkins made an exhaustive analysis of the predecessor of Art. 48A, § 385, providing for the exemption of the full amount of the cash surrender values of insurance policies. See "Exemption of Life Insurance Cash Surrender Values From Bankruptcy Proceedings In Maryland," 22 Md.L.Rev. 66 (1962).

█ There are some, particularly creditors in the instant case, who may assail as unjust the decision reached today. The proper course of action to take would be to direct pleas to the legislature for modification of the scope and application of § 11–504(b)(2) as applied to the benefit of beneficiaries of insurance proceeds. In view of the perceived intent of the legislature in exempting money payable in the event of the death of Walter O. Howland, the court will overrule the trustee's objection to the claim of exemption.