**In re Janice June DOUGLAS, Debtor.**

**Bankruptcy No. 85–40792.**

United States Bankruptcy Court,
D. Kansas.

April 17, 1986.

Stephen W. Cavanaugh, Fisher, Heck & Wright, P.A., Topeka, Kan., for debtor.

Dale L. Somers, Eidson, Lewis, Porter & Haynes, Topeka, Kan., for Merchants Nat. Bank.

G. Steven Ruprecht, Margolin & Kirwan, Kansas City, Mo., for Western Cas. and Sur. Co.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge, Sitting by Designation.

The issue presented is whether life insurance proceeds payable to a beneficiary are exempt property under Kansas law. I find they may be exempted under § 40–414 of the Kansas Insurance Code. KAN.STAT. ANN. § 40–414 (Supp.1984).

The following constitute findings of fact and conclusions of law. Bankruptcy Rule 7052. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (O).

## FACTS

On July 19, 1985, Janice June Douglas ("debtor") filed a Chapter 7 petition. After an extension of time, the debtor filed her schedules and statement of affairs on August 8, 1985. Schedule B–4 listed the proceeds of three life insurance policies as exempt property. The aggregate amount of these proceeds is $1,114,346.61.[1]

On August 14, 1985 the court entered an order setting the first meeting of creditors for September 6, 1985. The order stated that objections to the debtor's claimed exemptions must be filed within 30 days of the conclusion of the meeting of creditors. *See* Bankruptcy Rule 4003(b).[2] At the bottom left-hand corner of the order, there is a notation that reads: "CREDITORS— Schedule "A" consists of 27 pages at 50¢ per page." Thirty days from September 6, 1985 was October 6, 1985, a Sunday; therefore creditors had until October 7, 1985 in which to file objections to the original exemptions. Bankruptcy Rule 9006(a).

On September 20, 1985 the debtor filed an amendment to her schedules. Rather than simply listing additional property claimed as exempt, the debtor filed a new Schedule B–4 which included the proceeds of the aforementioned three life insurance policies as well as the proceeds of two previously unscheduled policies.[3] The court issued notice of this amendment to all creditors. The notice provided that objections to the amendment were to be filed by October 10, 1985.

On October 10, 1985 Western Casualty and Surety Company ("Western") filed an objection to debtor's amended exemptions. Also on October 10, Merchants National Bank ("Merchants") moved for additional time to object to the debtor's original and amended exemptions. On October 15, 1985 the debtor moved the court to declare ex-

---

1. The policies were written on the life of the debtor's deceased husband, Robert G. Douglas, and were issued by Security Benefit Life, New England Life Insurance Company and Transamerica Insurance Company. They provided for benefits in the amount of $10,449.29, $103,-801.32 and $1,000,000 respectively.

2. Rule 4003(b) of the Bankruptcy Rules provides:

    The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court.

    Local Rule 4004 of the Kansas bankruptcy court provides:

    Any party in interest may file a written objection to exemptions claimed by or on behalf of the debtor within 15 days immediately following the first session of the meeting held pursuant to 11 U.S.C. § 341 unless such time be extended by the court for cause shown before the expiration of said 15-day period. Absent a timely filing of such objections the property listed in the filed schedules as exempt is automatically determined exempt under 11 U.S.C. § 522(1).

    The local and federal rules may be harmonized if local rule 4004 applies to parties in interest other than the trustee or the creditors of the estate. Such a reading is consistent with the court's notice of August 14, 1985 which provided that objections to the debtor's claimed exemptions must be filed within 30 days of the conclusion of the meeting of creditors.

3. These policies were written by Union Central Life Insurance Company and Metropolitan Life Insurance Company and provided benefits in the amount of $4,555 and $105,000 respectively.

empt the property listed in the original Schedule B–4, stating as grounds that no objections had been timely filed. The debtor's motion was granted on October 17, 1985.

Western moved for leave to object to the original exemptions out of time on November 7, 1985. In reliance on the corner notation on the court's August 14, 1985 notice, Western asserted its belief that only Schedule A had been filed by the debtors and Western claimed to be unaware that an exemption schedule had been filed prior to September 20, 1985. It contends that its October 10, 1985 objection relates to both the original and amended exemptions. It objects to the court's October 17 order on the ground that it received no notice or opportunity to object to the debtor's motion of October 15, 1985.

Merchants' failure to timely object to the original exemption schedule was explained by reliance on a legal assistant who misread the court's September 20, 1985 notice. However, it contends that the amended schedule extended the time to object to all of the exemptions listed therein.

Substantively, both Merchants and Western contend that the proceeds of a life insurance policy are not exempt property to the beneficiary under Kansas law.

## DISCUSSION

### I.

Procedurally, it is appropriate to consider both Western's and Merchants' objections as timely as to all of the exemptions claimed in the debtor's "amendment" filed on September 20, 1985. The court's notice of that date gave Western and Merchants until October 10 to object to the exemptions claimed in the debtor's September 20 filing. All five policies are claimed exempt in the September 20 "amendment." Western timely filed an objection to the exemptions claimed in the "amendment" on October 10. Merchants timely sought additional time to object by its motion of October 10. Any procedural confusion resulted from the debtor's decision to restate all of her exemption claims by way of the September 20 "amendment" and from the assertion in the debtor's October 15 motion that no timely objections had been filed notwithstanding the October 10 objection by Western and the October 10 motion by Merchants. For these reasons, the substantive objections to exemptions by Merchants and Western will be considered as applicable to the proceeds of all five life insurance policies.

### II.

Kansas has opted out of the federal exemption scheme thus limiting the debtor to exemptions available under Kansas law. KAN.STAT.ANN. § 60–2312 (1983). *See* 11 U.S.C. § 522(b)(1) (Collier Pamphlet ed. 1985). The Insurance Code of Kansas provides the following exemption for life insurance:

(a) If a life insurance company or fraternal benefit society issues any policy of insurance or beneficiary certificates upon the life of an individual and payable at the death of the insured or in any given number of years, to any person or persons having an insurable interest in the life of the insured, the policy and its reserves, or their present value, shall inure to the sole and separate use and benefit of the beneficiaries named in the policy and shall be free from:

. . . .

(4) the claims and judgments of the creditors and representatives of any person named as beneficiary in the policy of insurance.

KAN.STAT.ANN. § 40–414 (Supp.1984).

Western and Merchants contend that this Kansas exemption statute protects a life insurance "policy" in the hands of a beneficiary but does not allow an exemption for the "proceeds" or death benefits payable to a beneficiary after the death of the insured. Western and Merchants rely heavily on the fact that the term "proceeds" does not appear in either the body or title

of the current statute.[4] In support of the argument, they cite an early Kansas decision which interpreted prior Kansas law to include an exemption for the *proceeds* of life insurance policies. *Emmert v. Schmidt*, 65 Kan. 31, 68 P. 1072 (1902) (decided under prior statute). The objectors argue that the holding in *Emmert* rested on the legislature's use of the term "proceeds" in the title of 1895 KAN.SESS. LAWS, ch. 163, and that the legislature deleted the term from the title in subsequent amendments, thus evidencing an intent to overturn *Emmert* and preclude exemption of life insurance proceeds. These arguments fail on careful analysis.

In *Emmert* the plaintiff, Schmidt, obtained a judgment against both Mr. and Mrs. Emmert. Mr. Emmert died leaving two beneficiary certificates payable to his wife, who received the proceeds of those certificates and deposited them to her bank account. Schmidt attempted to garnish the proceeds to satisfy the debt. As addressed by the Kansas Supreme Court in Emmert, the relevant statute at the time was 1895 KAN.SESS.LAWS, ch. 163, § 1 which read:

## CHAPTER 163.

### RELATING TO BENEFICIARY INSURANCE

An Act to exempt from legal process to beneficiaries the proceeds of life insurance policies and beneficiary certificates. *Be it enacted by the Legislature of the State of Kansas:*

SECTION 1. In case any life insurance company, fraternal order or beneficiary society shall have issued, or shall hereafter issue, any policy or policies of insurance or beneficiary certificate upon

the life of an individual and payable at the death of the assured, or in any given number of years, to any person or persons having an insurable interest in the life of the assured, all such policies and their reserves of [sic] the present value thereof shall inure to the sole and separate use and benefit of the beneficiaries named therein, and shall be free from ... the claims and judgments of the creditors and representatives of the person or persons named in said policy or policies of insurance.

The court held that the proceeds in Mrs. Emmert's account were exempt:

That this Act is inartistic in form, inaccurate in language, and imperfect as a model of legislative exactness, will readily be conceded. The question, however, is does the act, aided by the language employed in the title, contain a sufficient expression of legislative will to indicate the intent of that body to exempt to the beneficiary the fund in question? We are of the opinion it does.

*Emmert*, 65 Kan. at 34, 68 P. at 1073; *see also, Pefly v. Reynolds*, 115 Kan. 105, 106, 222 P. 121 (1924). This decision was based on a finding by the Kansas court of legislative intent to exempt proceeds in the hands of the beneficiary as evidenced by the language of the act and its title. *Emmert*, 65 Kan. at 34–37, 68 P. at 1073–74. The fact that the term "proceeds" was used in the title of the law as passed by the Kansas legislature "aided" the court in its holding, but it was not the sole indicator of intent. *Id.* The court held that any construction of the statute which did not exempt proceeds in the hands of the beneficiaries rendered the relevant portion of the Act without effect and was to be avoided. *Id.* at 1074.[5]

---

**4.** The briefs of the parties assume that the caption of KAN.STAT.ANN. § 40–414 (1984 Supp.) which reads "Exemption of interest in policies; exceptions" is the title of the statute. However, the captions provided in the annotated Kansas statutes are prepared by the reviser of statutes and not the Kansas legislature. KAN.STAT. ANN. § 77–133(b) (1984). They are not considered by the legislature and should not be considered in determining the intent of a statute. *See State v. Logan*, 198 Kan. 211, 424 P.2d

565, 570 (1967); *Becker v. Roothe*, 184 Kan. 830, 836, 339 P.2d 292, 298 (1959). The title of the statute at issue is found in the session laws of the Kansas legislature. *See* KAN.CONST. ART. 2 § 16 ("The subject of each bill shall be expressed in its title.")

**5.** Five years earlier, a lower court interpreting 1895 KAN.SESS.LAWS, ch. 163, § 1 had held precisely the opposite. *Reighart v. Harris*, 6 Kan.App. 339 (1897). The Kansas Supreme

Further evidence of the legislative intent, though not discussed in *Emmert*, can be found by comparing the 1895 statute with the one it replaced. The penultimate clause of the prior statute provided that the "policies and their reserves, or the present value thereof ... shall be free from ... the claims or judgment [sic] of the creditors and representatives of the person or persons whose life or lives are so insured." 1873 KAN.SESS.LAWS, ch. 91, § 77; 1871 KAN.SESS.LAWS, ch. 93, § 77. The amendment of 1895 provided that the value and reserves of insurance policies would be free from the claims of the creditors of "the person or persons named in [the] policy" as well as the creditors of the insured. The substance of the 1895 amendment dealt with exemptions of property that might come into the hands of beneficiaries as a result of a life insurance policy.[6] Although the language employed by the legislature in the title of 1895 KAN.SESS.LAWS, ch. 163 is a ready aid to interpretation of the statute, the intent to exempt proceeds is manifest regardless.

Although the term "proceeds" has never again appeared in either the title or the text of the statute, subsequent legislative history and court decisions demonstrate that neither the legislature nor the courts of Kansas have sought to overturn *Emmert*. The relevant language has undergone only cosmetic changes since 1895. *See* 1895 KAN.SESS.LAWS, ch. 163, § 1 *codified at* 1 KAN.GEN.STAT. § 4145 (Crane and Co. 1910) and KAN.REV.STAT. ANN. § 40–327 (1923); 1927 KAN.SESS. LAWS, ch. 231, § 40–414; 1933 KAN. SESS.LAWS (Special session), ch. 71, § 1 *codified at* KAN.STAT.ANN. § 40–414 (1981) (repealed); 1984 KAN.SESS.LAWS, ch. 170, § 1 *codified at* KAN.STAT.ANN. § 40–414 (Supp.1984).

The 1927 amendment was part of a sweeping reform of the Kansas Insurance Code. 1927 KAN.SESS.LAWS, ch. 231. One of the principle questions in *Emmert* was whether the reference in the law of 1895 to the "person or persons named in the policy" referred to the insured or the beneficiary. This language was clarified in 1927 by the addition of the term "beneficiaries." 1927 KAN.SESS.LAWS, ch. 231, § 40–414.[7] In a case construing the 1927 statute, the Kansas Supreme Court stated "[i]t may at once be conceded that generally under [KAN.REV.STAT. § 40–414 (1931 Supp.); 1927 KAN.SESS.LAWS, ch. 231, § 40–414] the proceeds of a life insurance policy are exempt." *Exchange State Bank v. Poindexter*, 137 Kan. 101, 104, 19 P. 705, 707 (1933) (where the insured had fraudulently procured the money which was used to pay the premiums, and the beneficiary was aware of the fraud, the proceeds were not exempt) (citing *Emmert*).

The statute was again amended in 1933. 1933 KAN.SESS.LAWS (Special session), ch. 71. The 1933 amendment merely added the proviso that the section should not be construed to exempt real estate held by an insurance company from taxation. Nothing in the title or text of the amendment suggests an intent to overturn *Emmert*, and the supreme court cited *Emmert* with approval six years later. *Independence Savings & Loan Ass'n. v. Sellars*, 149 Kan. 652, 655, 88 P.2d 1059, 1062 (1939) (the exemption does not carry over to non-exempt property which is purchased with the proceeds).

The title of the legislation which enacted the current version of § 40–414 is "An Act

---

Court in overruling *Reighart* acknowledged that *Reighart* was "squarely on point and directly opposed to the construction here placed upon this Act. We are unwilling, however, to yield or assent to the doctrine therein announced. Its authority is therefore denied." *Emmert*, 65 Kan. at 37, 68 P. at 1074.

6. Other changes enacted in 1895 included the elimination of a cap on the amount of the exemption and elimination of language which lim-

ited the application of the exemption to female, minor, invalid, aged or infirm beneficiaries. *Compare* 1895 KAN.SESS.LAWS, ch. 163, § 1; *with* 1873 KAN.SESS.LAWS, ch. 91, § 77; *and* 1871 KAN.SESS.LAWS, ch. 93, § 77.

7. The 1927 law also provided that nothing in the amendment should be construed to prevent the policyholder from changing the beneficiary.

concerning life insurance; providing for the nonforfeiture value of life insurance policies to be subject to certain claims; amending K.S.A. § 40–414 and repealing the existing section." Again, nothing in this title or version of the statute evidences legislative intent to overrule *Emmert.* The relevant portion of the statute has not been substantively altered. The latest amendment added a new subsection (b) which renders the nonforfeiture value of a policy subject to the claims of a policyholder's creditors if it was obtained for the purpose of defrauding them.[8] Fraud has not been raised as an issue in this case.

This case is the first to consider the application of *Emmert* to the 1984 amendment. The Kansas legislature did not include the term "proceeds" in the title or content of any of the amendments subsequent to *Emmert* including the one *sub judice.* There was no need. The exemption was already recognized by the statute. Pursuant to the Kansas constitution, the title of an Act of the legislature need contain only the subject of the act. "It is not necessary that the title be an abstract of the entire Act. It is sufficient if the title indicates clearly the general scope." *State v. Rosebery,* 222 Kan. 715, 716, 567 P.2d 883, 885 (1977); *State v. Lackey,* 232 Kan. 478, 481, 657 P.2d 40, 42 (1983) (citing *Rosebery*). It is an important rule of statutory construction that a legislature is presumed to know the prior interpretations the courts have given a statute. *Moore v. City of Lawrence,* 232 Kan. 353, 654 P.2d 445

(1982); *Rogers v. Shanahan,* 221 Kan. 221, 225, 565 P.2d 1384, 1388 (1976); *Bayless v. List and Clark Construction Co.,* 201 Kan. 572, 574–76, 441 P.2d 841, 844 (1968). An intent to overturn an existing judicial interpretation should be clearly expressed. *Blake v. McKim,* 13 Otto 336, 103 U.S. 336, 26 L.Ed. 563 (1881). The failure of the Kansas legislature to specifically exclude proceeds from the scope of this statute notwithstanding 84 years of consistent court decisions and numerous amendments of the law convinces me that *Emmert* remains viable in Kansas.[9] Accordingly, the debtor may exempt the proceeds of all five life insurance policies from the property of the estate.

It should be noted that the Kansas life insurance exemption statutes is quite favorable for debtors. *See* Note, *Bankruptcies in Kansas: A Need to Reform Our Exemption Laws?,* 22 WASHBURN L.J. 286, 289 (1983). If this application of the life insurance exemption statute seems harsh to creditors, the proper avenue of redress is an appeal to the Kansas legislature.[10]

An appropriate order will be entered.

8. In hearings on the amendment, Representative Dale Sprague, its author, stated that it:

> would eliminate a problem which has occurred in bankruptcy proceedings in Kansas where the cash value of a life insurance policy can be declared as exempt property. The person filing for bankruptcy can buy a large life insurance policy on one day and then file for bankruptcy the next day. The policy is exempt property in the bankruptcy proceedings and can be returned to cash later by the bankrupt. Rep. Sprague noted that insurance companies do not like to be part of what seemingly is a fraudulent practice. He continued that the bill speaks to this problem by providing that if the bankrupt has obtained a life insurance policy within one year prior to the filing for bankruptcy, the court can determine if it was done to defraud his creditors. The court would have the authority to say that the policy is not exempt if it is found that the policy was purchased to defraud creditors. Minutes, Kan.Sen.Comm.Comm'l. & Fin'l.Inst., Hrg. April 25, 1984.

9. Western and Merchants have raised arguments based on the exemption laws of Kansas' sister states. These are unpersuasive because of the existence of controlling Kansas law and court decisions.

10. In 1984 the Senate Committee on Commercial and Financial Institutions considered and rejected a proposed $5,000 limit on the life insurance exemption. Minutes, *supra* n. 8.