### In re Howard L. KLEINMAN, Debtor.

### No. 00–6–5851–SD.

United States Bankruptcy Court,
D. Maryland,
at Baltimore.

Oct. 12, 2001.

---

Marc R. Kivitz, Baltimore, MD, for debtor.

Mark J. Friedman, Baltimore, MD, for trustee.

Robert B. Scarlett, Scarlett and Croll, Baltimore, MD, for creditor.

## MEMORANDUM OPINION AND ORDER

E. STEPHEN DERBY, Bankruptcy Judge.

Before the court are the following: (1) Branch Banking & Trust Co.'s ("BB & T") Amended Objection to Debtor's Exemptions [P. 10] and Memorandum in Support

[P. 9]; (2) the Chapter 7 Trustee's Objection to Exemptions [P. 14]; and (3) Debtor's Response to BB & T's and the Trustee's Objections [P. 15].

## I. Introduction

The Debtor, Howard L. Kleinman, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 15, 2000. Prior to the commencement of the case, Carol Kleinman, the Debtor's now deceased wife, purchased two life insurance policies that insured her life. One policy had a face value of $150,000.00. The second policy had a face value of $300,000.00 (collectively, the "Life Insurance Policies"). Carol Kleinman designated her husband, Howard Kleinman, the beneficiary under both policies. Carol Kleinman passed away on August 24, 2000.

Carol Kleinman had been president, owner and operator of Maryland Commercial Loans, Inc., a commercial loan company. Debtor was not associated with Maryland Commercial Loans. However, both Carol Kleinman and the Debtor guaranteed a bank loan to Maryland Commercial Loans in the original principal amount of $400,000 that was in default when Debtor filed his Chapter 7 petition.

Debtor properly scheduled his claims as a beneficiary under the Life Insurance Policies on Schedule B. Debtor claimed an exemption of his claims under the Life Insurance Policies on Schedule C pursuant to the Maryland Annotated Code, Courts and Judicial Proceedings Article, § 11–504(b) and under the Insurance Article, §§ 16–108 and 16–111. The primary issue in this case is whether the Debtor's claims

to the proceeds of the Life Insurance Policies are exempt.

Section 522 of the Bankruptcy Code provides debtors with certain exemptions. Section 522(b)(1) of the Bankruptcy Code allows states to opt out of the federal exemptions and to limit a debtor's exemptions to those provided under state law. Maryland has opted out of the federal exemptions. Md.Code Ann., Cts. & Jud. Proc. § 11–504(g) (1998). Therefore, a debtor filing for protection under the Bankruptcy Code in Maryland is afforded the exemptions solely provided under Maryland law.

## II. Claim of Exemption Under the Maryland Insurance Article

Debtor argues that his claims as a beneficiary under the Life Insurance Policies are exempt under §§ 16–111 and 16–108 of the Maryland Insurance Article. Section 16–111(a) provides:

(a) *In general.*—The proceeds of a policy of life insurance or under an annuity contract on the life of an individual made for the benefit of or assigned to the spouse, child, or dependent relative of the individual are exempt from all claims of the creditors of the individual....

Md.Code Ann., Ins. § 16–111 (1997). The plain meaning of the statute exempts proceeds [1] of a life insurance policy on the **life of an individual** from claims of the creditors of **the individual** if, *inter alia,* the policy is for the benefit of the individual's spouse. In this case, the "individual" was Carol Kleinman, and the spouse was the Debtor. Therefore, the proceeds of the Life Insurance Policies were or are exempt from claims of Carol Kleinman's

---

**1.** The term "proceeds" is a defined term. Section 16–111(b) states: (b) *Proceeds described.*—For purposes of this section, proceeds include death benefits, cash surrender and loan values, premiums waived, and divi-

dends, whether used to reduce the premiums or used or applied in any other manner, except if the debtor has, after issuance of the policy, elected to receive the dividends in cash.

creditors. This section makes no mention that the proceeds are exempt from claims of the beneficiary's creditors.

This finding is consistent with the conclusion reached in *In re Huth*, 1998 WL 404153 (Bankr.N.D.Ohio 1998). In *Huth*, the court analyzed the Ohio exemption statute, which was similar to § 16–111. The Ohio Revised Code § 3911.10, relied upon by the court, provided that "[a]ll contracts of life or endowment insurance or annuities upon the life of any person ... shall be held, together with the proceeds or avails of such contracts, ... free from all claims of the creditors of such insured person or annuitant." The court found that the statute does not exempt life insurance proceeds from the creditors of the beneficiary. *Id.*

By contrast, in *In re Douglas*, 59 B.R. 836 (Bankr.D.Kan.1986), the court held that certain life insurance proceeds payable to the beneficiary/debtor were exempt under Kansas law. However, in *Douglas*, the Kansas statute clearly exempted such funds. The Insurance Code of Kansas provided that "the policy and its reserves ... shall inure to the sole and separate use and benefit of the beneficiaries named in the policy and shall be free from ... the claims and judgments of the creditors and representatives of any person named as beneficiary in the policy of insurance." *Id.* at 838, *quoting* Kan.Stat.Ann. § 40–414 (Supp.1984).

■ Debtor also argues that § 16–108 provides an exemption for beneficiaries. Section 16–108(a) provides:

(a) *In general.*—A life insurer may hold under agreement the proceeds of a policy issued by it on the terms and restrictions as to revocation by the policyholder and control by beneficiaries, and with the exemptions from the claims of creditors of beneficiaries other than the policyholder, as set forth in the policy or as

agreed to in writing by the life insurer and the policyholder.

Md.Code Ann., Ins. § 16–108 (1997).

Debtor reasons that if the exemption language in § 16–108 is limited to other exemptions under the Maryland Code, then the language in § 16–108 would be superfluous and surplusage. The court disagrees. Section 16–108 allows a life insurer to hold proceeds subject to the exemptions the beneficiaries may have. Section 16–108 does not create an additional exemption for beneficiaries.

For the reasons stated, Debtor cannot exempt his interest in the life insurance proceeds under either § 16–108 or § 16–111.

### III. Claim of Exemption Under § 11–504(b)(2) of the Courts & Judicial Proceedings Article

Debtor argues that his claims to the proceeds of the Life Insurance Policies are exempt under § 11–504(b)(2) of the Maryland Courts & Judicial Proceedings Article. This section provides:

(b) *In general.*—The following items are exempt from execution on a judgment:

. . .

(2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

Md.Code Ann., Cts. & Jud.P. § 110504(b)(2) (1998).

Debtor contends that the life insurance proceeds are monies payable in the event

of death of any person.[2] The Chapter 7 Trustee responds that § 11–504(b)(2) is inapplicable because the life insurance proceeds are not payable as a result of personal injury to the Debtor. *Chapter 7 Trustee's Objection,* ¶ 6. The Chapter 7 Trustee argues that the court should look to recent case law analyzing the legislative intent and purpose of § 11–504(b)(2). The Chapter 7 Trustee also addresses *In re Howland,* 27 B.R. 896 (Bankr.D.Md.1983), which holds contrary to the Chapter 7 Trustee's position. The Chapter 7 Trustee urges, however, that the decision in *Howland* lacks the benefit of the § 11–504(b)(2) analysis in subsequent case law.

In *In re Howland,* debtor's husband passed away pre-petition, and debtor was the beneficiary of more than $50,000 in insurance benefits. *Id.* at 897. The debtor claimed her interest in the insurance benefits as exempt under § 11–504(b)(2). *Id.* at 896. The trustee argued that the debtor's claim of exemption was impermissible because § 11–504(b)(2) was intended to afford the insured, and not the debtor/beneficiary, the right to exempt insurance proceeds. *Id.* at 897. The court first found that § 11–504(b)(2) was not a model of clarity. *Id.* The court then concluded that the Maryland legislature intended to exempt money payable in the event of the death of the debtor's husband. *Id.* at 898.

The Chapter 7 Trustee relies on three cases decided subsequent to *Howland* which interpret § 11–504(b)(2): *In re Butcher,* 125 F.3d 238 (4th Cir.1997); *In re*

*Hurst,* 239 B.R. 89 (Bankr.D.Md.1999); and *Niedermayer v. Adelman,* 90 B.R. 146 (D.Md.1988). While those cases dealt with § 11–504(b)(2), none involved a claimed exemption of life insurance proceeds. In *In re Butcher,* § 11–504(b)(2) was applied to the debtor's $4.5 million interest in settlement proceeds resulting from a personal injury to the debtor. The court found that the statute (§ 11–504(b)(2)) "intended to exempt only money due to and compensatory for sickness, accident, injury or death." *Butcher,* 125 F.3d at 241. "In so limiting the exemption, the legislature made manifest its objective of withholding from creditors funds necessary to recompense the debtor for injuries to his physical person, to make the debtor whole in the eyes of the law, and to restore human capital to the extent monetarily possible." *Id.* The court observed that "it would be irrational to read the exemption to encompass funds which are not reasonably related to compensation for 'sickness, accident, injury, or death.'" *Id.* at 242. The court affirmed the bankruptcy court's conclusion that § 11–504(b)(2) applied to exempt the debtor's interest in the settlement proceeds and that the award was reasonable under Article III, § 44 of the Maryland Constitution. *Id.* at 242.

■ For the reasons that follow, the court finds that the Debtor's claims to the life insurance proceeds are exempt under § 11–504(b)(2). The court's analysis starts with the language of the statute. Section 11–504(b)(2) exempts "[m]oney payable in

**2.** In addition, Debtor also relies on the language of the policies. Debtor states that the "insurance companies issuing the exempt policies inform the policyholders and the beneficiaries that the proceeds of the exempt policies may be held safe from the claims of creditors of both." *Response,* ¶ 12. Debtor refers to a copy of the Metropolitan Life Insurance Company policy. In describing the policy's Total Control Account (an account in

which proceeds are deposited), the policy states: "To the extent permitted by applicable state and federal law, insurance or annuity proceeds held in your Account shall not be subject to the claims of your and/or the decedent's creditors." *Supplemental Agreement Form,* p. 14. Since any possible exemption under the policy is dependant upon applicable state and federal law, this language is has no effect on the court's decision.

the event of . . . death of any person" and "includes . . . money payable on account of . . . insurance." In this case, the Debtor is due funds ("money payable") as a beneficiary of his deceased spouse's life insurance ("in the event of death of any person . . . payable on account of insurance").

Further, as stated in *Butcher,* § 11–504(b)(2) only exempts funds that are reasonably related to compensation for "sickness, accident, injury, or **death**." *Butcher,* 125 F.3d at 242 (emphasis supplied). The Chapter 7 Trustee argues the exemption is limited to compensation for personal injury of the debtor himself or herself. *Chapter 7 Trustee's Objection,* ¶ 6. This may be true in the context of compensation for **injury**. However, the issue in this case concerns the exemption of compensation for **death**. Further, Howard Kleinman was the spouse of the deceased, Carol Kleinman, and Carol Kleinman made an economic contribution to the marriage. Debtor suffered damage from her death.[3]

In addition, the allowance of the exemption pursuant to § 11–504(b)(2) under the circumstances of this case is consistent with the language of the Maryland Insurance Article. As previously stated, the Insurance Article exempts "proceeds of a policy of life insurance or under an annuity contract on the life of an individual made for the benefit of or assigned to the **spouse, child, or dependent** relative of the individual." § 16–111 (emphasis supplied). There, the person whose life is insured can exempt proceeds as long as the contract is made for the benefit or assigned to the **spouse, child or dependent** relative. It is consistent therefore, that § 11–504(b)(2)

would allow for the exemption of such proceeds in the hands of the beneficiary upon the death of the insured.

Finally, in *Howland,* on indistinguishable facts, Chief Judge Mannes of this court concluded that the proceeds of life insurance in the hands of a beneficiary-debtor were exempt under § 11–504(b)(2). There, the debtor was the surviving spouse of the insured and was designated the beneficiary under the insured's life insurance policy. *In re Howland,* 27 B.R. at 897. Such is the case here. *Howland* was decided in 1983, and the Maryland legislature has done nothing to overrule the result for more than 18 years.

Since 1983, however, the Maryland legislature has acted to limit certain other exemptions. In *In re Taylor,* 312 Md. 58, 537 A.2d 1179 (Md.1988), the United States District Court for the District of Maryland certified a question to the Court of Appeals of Maryland concerning the "tools-of-the-trade" exemption found in § 11–504(b)(1). At that time, § 11–504(b)(1) provided an exemption for the following: "Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession except those kept for sale, lease, or barter." § 11–504(b)(1) (1974, 1984 Repl.Vol). The debtors in bankruptcy exempted certain farm equipment with a value in excess of $40,000.00 and a van used in a home and interior decoration business under § 11–504(b)(1). *Id.* at 62–63, 537 A.2d 1179. The trustee objected and the bankruptcy court sustained his objection because the amount of the claimed exemption was excessive. *Id.* at 60, 537 A.2d 1179. Upon

---

**3.** Debtor argues that he
has lost the love and companionship of his spouse of more than 25 years and her income along with its concomitant economic stability. The benefits to the debtor of Carol Kleinman's insurance upon her death

seek to restore that economic stability and to replace her lost income in some measure in order to make Mr. Kleinman whole in her absence.
*Debtor's Response,* p. 19–20.

certification by the United States District Court, the Court of Appeals of Maryland held that "[t]he legislative intent is that any and all wearing apparel, books, tools, instruments, or appliances are exempt from execution on a judgment if they are *reasonably necessary* for the practice of the debtor's trade or profession." *Id.* at 71, 537 A.2d 1179. "There is no fixed monetary value attached to the items." *Id.* at 70, 537 A.2d 1179.

The Maryland legislature, however, disagreed. In 1989 it amended § 11–504(b)(1), setting a monetary limit on the exemption: "Wearing apparel, books, tools, instruments, or appliances, **in an amount not to exceed $2,500 in value** necessary for the practice of any trade or profession except those kept for sale, lease, or barter." § 11–504(b)(1) (1989) (emphasis added). If the Maryland legislature intended that the exemption provided by § 11–504(b)(2) not apply to life insurance proceeds payable to a beneficiary spouse, it could similarly have amended § 11–504(b)(2) to limit its scope.

For these reasons, the court will not take the opportunity urged on it by the Trustee and BB & T to rule contrary to the long established rule in this District. The court thus holds that Howard L. Kleinman's claims to the proceeds of the Life Insurance Policies are exempt under § 11–504(b)(2).

## IV. BB & T's Objection to Exemption of "Personal Property and Monies"

██ BB & T further objects to the Debtor's exemption of his interest in certain items of personal property, including a "Compaq Computer with HP Printer, and a Remington 1100 shot gun." The ground for this objection is that Debtor does not provide sufficient information to allow BB & T to determine the appropriate value of these items. BB & T argues that until the Debtor provides sufficient information on these items, the exemption should not be allowed. BB & T does not argue that the specific statutory provisions used by the Debtor to exempt the property are inapplicable or that Debtor has exceeded the exemption limits. BB & T fails to appreciate that it has the burden of proof. Fed. R.Bankr.P. 4003(b).

██ As stated in the case of *In re Forti*, 224 B.R. 323, 327 (Bankr.D.Md. 1998), the Debtor's interest in these assets is exempt only to the extent of the dollar amount claimed exempt on Schedule C. "Such an exemption does not deprive the estate of potentially valuable property interests." *Id.* at 328. Debtor has described the items and set forth the dollar amount for each that is claimed as exempt. This is sufficient. Accordingly, BB & T's objection to Debtor's exemption of "Personal Property and Monies" will be overruled.

Therefore, it is this ＿＿ day of October, 2001, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED,** that the Chapter 7 Trustee's Objection to Debtor's Exemptions is **OVERRULED;** and it is further

**ORDERED,** that BB & T's Amended Objection to Debtor's Exemptions is **OVERRULED.**