**In re Howard L. KLEINMAN, Debtor.**

**No. 00–6–5851–SD.**

United States Bankruptcy Court,
D. Maryland,
at Baltimore.

Jan. 2, 2002.

Robert B. Scarlett, Esquire, Scarlett & Croll, P.A., Baltimore, MD, for Branch Banking & Trust Co.

Susan S. Maher, Esquire, Piper Marbury Rudnick & Wolfe, Baltimore, MD, for the Chapter 7 Trustee.

Mark J. Friedman, Trustee, Piper Marbury Rudnick & Wolfe, Baltimore, MD, Chapter 7 Trustee.

Marc R. Kivitz, Esquire, Baltimore, MD, Richard Bloch, Esquire, Shiling, Bloch & Hirsch, P.A., Towson, MD, for Debtor.

*MEMORANDUM OPINION AND ORDER DENYING BB & T'S MOTION TO ALTER OR AMEND ORDER OVERRULING OBJECTIONS TO DEBTOR'S EXEMPTIONS*

E. STEPHEN DERBY, Bankruptcy Judge.

Before this court are: (1) Branch Banking & Trust Co's (BB & T) Motion To Alter or Amend Memorandum Opinion and Order Denying Objections To Debtor's Exemptions [P. 37] and Memorandum to Support [P. 38] and (2) Debtor's Opposition to BB & T's Motion [P. 40]. Because BB & T's statutory argument does not overcome the prior holding of this court, BB & T's Motion will be denied.

## I. INTRODUCTION

The Debtor, Howard L. Kleinman, filed a voluntary petition under Chapter 7 of the bankruptcy Code on December 15, 2000.

Prior to the commencement of the case, Carol Kleinman, the Debtor's now deceased wife, purchased two life insurance policies which insured her life. One policy, MetLife, has a face value of $150,000. The second policy, CNA/Valley Forge, has a face value of $300,000 (collectively, the "Life Insurance Policies").

The Debtor claimed the proceeds of the Life Insurance Policies as exempt. The Chapter 7 Trustee and BB & T separately filed objections to the Debtor's exemption claim. On October 12, 2001, the court's Memorandum Opinion and Order was entered, whereby the court overruled, (1) the Chapter 7 Trustee's Objections to the Debtor's Exemptions and (2) BB & T's Amended Objections to Debtor's Exemptions, holding that the proceeds of the Life Insurance Policies are exempt under § 11-504(b)(2) of the Maryland Courts & Judicial Proceedings Article.

## II.  BB & T'S MEMORANDUM TO ALTER OR AMEND

BB & T requests the court to reconsider its prior holding in this case, to sustain the objections of the Chapter 7 Trustee and BB & T to Debtor's claim of exemptions, and to hold that the Life Insurance Policies are not exempt.

BB & T argues that statutory construction requires the court to examine and reconcile Md. Cts. & Jud. P. Article § 11-504(b) with § 16-111 of Md. Insurance Article because Md. Estates and Trust Article § 8-115 references § 16-111, as follows:

> [t]he proceeds of a life insurance policy, . . . are exempt from claims in accordance with the provisions of § . . . 16-111 of the Insurance Article.

Md. Est. & Tr. Art. § 8-115.

In its analysis, BB & T asserts that § 11-504(b) does not provide an exemption

for the life insurance proceeds payable to a beneficiary; rather, the exemption extends solely to creditors' claims against the insured. BB & T's argument is not persuasive. Therefore, the October 12, 2001 Memorandum and Order will not be altered or amended.

## III.  DISCUSSION

Title 8 of the Estates and Trust Article applies to creditors' claims against a decedent's estate. The reference in § 8-115 to § 16-111 of the Insurance Article is relevant to whether the proceeds of the Life Insurance Policies are available to creditors of the probate estate of Carol Kleinman, but that question is not at issue here. The question before this court is whether the insurance proceeds from the life insurance policies on Carol Kleinman's life are exempt assets in the bankruptcy proceeding of Howard L. Kleinman.

In finding that BB & T's arguments are not persuasive, the court reaffirms its reasoning in the Memorandum Opinion and Order of 10/12/01. This court found:

> . . . the Debtor's claims to the life insurance proceeds are exempt under § 11-504(b)(2). The court's analysis starts with the language of the statute. Section 11-504(b)(2) exempts "[m]oney payable in the event of . . . death of any person" and "includes . . . money payable on account of . . . insurance." In this case. the Debtor is due funds ("money payable") as a beneficiary of his deceased spouse's life insurance ("in the event of death of any person . . . payable on account of insurance").

The Memorandum Opinion and Order continues with an analysis of *In re Howland,* 27 B.R. 896 (Bankr.D.Md.1983).

> [o]n indistinguishable facts, Chief Judge Mannes of this court concluded that the proceeds of life insurance in the hands of a beneficiary-debtor were exempt un-

der § 11–504(b)(2). There, the debtor was the surviving spouse of the insured and was designated the beneficiary under the insured's life insurance policy.... Such is the case here. *Howland* was decided in 1983, and the Maryland legislature has done nothing to overrule the result for more than 18 years.

Therefore, it is this 31st day of December, 2001, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that BB & T's Motion To Alter or Amend Memorandum Opinion and Order Denying Objections To Debtor's Exemptions is **DENIED**.